The State of Tennessee, on the Relation of Dr. B. G. Stall, Floyd Bradburn, Hugh Metz, Charles M. Burton, James Leahy, Carl L. Webb, Joel Witt, Jack Comer and L. R. Shobe, etc.,

*v.*

City of Knoxville.

365 S. W. 2d 433.

(*Knoxville,* September Term, 1962.)

Opinion filed February 25, 1963.

Robert L. Crossley, Knoxville, for petitioner, City of Knoxville.

G. Edward Friar, Williams A. Reynolds, Knoxville, for respondents.

Mr. Justice White delivered the opinion of the Court.

A petition for the writs of certiorari and supersedeas has been presented to this Court while in session in Nashville. The petition details the history of the litigation referred to herein and avers that this Court rendered a final opinion on September 7, 1962, 211 Tenn. 271, 364 S.W.2d

898, in which the action of the Trial Court, in upholding the validity of the Ordinances therein attacked, was affirmed. A petition to rehear was denied by this Court on October 4, 1962. Application for a stay of the judgment was filed and denied on the same day, i. e. October 4, 1962.

About three months thereafter, and on January 2, 1963, the relators filed a petition in the United States Supreme Court for the writ of certiorari. On the same date a motion to stay the final judgment of this Court was filed. This motion was denied on January 10, 1963. A motion to reconsider the denial of the stay order was then filed and it, too, was denied. The petition for the writ of certiorari has not been acted upon by that Court.

On January 22, 1963, the relators, Stall, et al., filed an original bill in the Chancery Court at Knoxville naming as parties defendant the City, the Mayor and other officials seeking to enjoin them from assessing and collecting municipal taxes for the year 1963 upon the property encompassed and included within the boundaries of the Ordinances attacked by them in the original proceeding finally disposed of by opinion of this Court under date of September 7, 1962.

The Chancellor issued an order directing said officials to appear and show cause, if any they had, why an injunction should not be issued enjoining and inhibiting them from assessing and collecting said taxes.

The defendants appeared on February 1, 1963 and resisted the application by oral argument. The Chancellor, sitting in interchange by appointment of the Chief Justice of this Court, now has such application under advisement.

432

It is averred in the petition before us that the bill filed by the respondents constitutes "an illegal and unwarranted interference with the final judgment and decrees of this Court in these causes and that the same ought not to be permitted".

To the petition so filed, the complainants have filed a motion to dismiss upon four grounds which need not be copied herein, but all of them have been considered by us in the preparation of this opinion and found to be without merit.

The motion states a desire of these original complainants, respondents herein, to appear before us and "present their theory". It has been the practice of this Court from time immemorial to consider such matters as the one before us upon briefs containing citations to authority in support of the contentions of the respective parties without oral argument. Briefs have been filed on behalf of petitioners and respondents herein.

We have read most carefully the original bill filed herein and the averments therein are basically those contained in the original proceeding; that is, said Ordinances are not effective and, therefore, if the City and the other officials consider them to be so their action is considered by the complainants to be "dictatorial, arbitrary, illegal, high-handed, premature, confiscatory and irresponsible". Such officials are proceeding according to the decision of this Court which has the last and final responsibility under the Constitution of the State of Tennessee in such matters. Exercising the authority so conferred, this Court has heretofore held the Ordinances in question to be constitutionally valid. *State ex rel. Stall et al. v. City of Knoxville*, 211 Tenn. 271, 364 S.W.2d 898.

The wisdom of the passage of these Ordinances was determined by the governing officials of the City of Knoxville and over this we have no control and desire none. This was a matter resting solely within the discretion of such representatives of the people who passed the Ordinances and we approved them as conforming to the Constitution.

The respondents alleged in their bill here under consideration that the final opinion of this Court rendered in the original suit was not conclusive because the respondents had filed the aforesaid petition for the writ of certiorari in the Supreme Court of the United States. In doing so, they extract one sentence from T.C.A. sec. 6-310 as authority for such statement. The fact that this section refers to an appeal from a Trial Court to this Court is exceedingly plain. It says that any aggrieved property owner may contest the validity of an ordinance annexing his property and that such suit may be brought in the Court of appropriate jurisdiction, meaning, of course, a nisi prius Court of record in this State. The statute further provides that such ordinance shall become effective thirty-one (31) days after the judgment of said Court approving such ordinance has been entered, unless an abrogating appeal has been taken therefrom.

Said section further provides that the judgment of the Appellate Court shall become final and shall not be subject to contest or attack in legal or equitable proceeding for any cause or reason. In other words, the action of this Court is made final by the express provisions of the statute. It is upon this statute that the respondents now seek to base their relief in the cause now pending in the Chancery Court.

.These respondents have not and could not perfect an "abrogating appeal" from the final judgment of this Court. The filing of the petition for the writ of certiorari is not, and could not be, such an appeal.

■ ■ The record, as recited herein, shows beyond doubt that the complaints of these property owners have been fully heard in the Circuit Court; considered on appeal here and re-considered on a petition to rehear. An application for an order staying the judgment has been filed and denied by this Court. Two applications have been made to the Supreme Court of the United States for a similar order and both denied. The original complainants continue to attack the validity of said annexation ordinances despite the rulings of the Court. The prime function and purpose of the judicial system is to settle, determine and end differences between contending parties. The Courts of Tennessee have performed this function and duty in these cases and an order will be entered here ending this litigation upon the authorities now considered.

T.C.A. sec. 16-102 provides that:

' "Every court has power * * * (3) To compel obedience to its judgments, orders, and process, and to the order of a judge out of court, in an action or proceeding therein."

T.C.A. sec. 16-305 provides:

"The court may * * * issue all writs and process ·. necessary for the exercise and enforcement of its jurisdiction."

T.C.A. sec. 27-801 provides:

"The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy."

It has long been recognized in this State that our Court has the authority and duty to issue such writs and process as are necessary to carry into execution its final orders and decrees and to protect Trial Courts from being imposed upon by the commencement of suits which have been already finally determined.

In the case of *State ex rel. Conner, Sheriff v. Hebert,* 127 Tenn. 220, 154 S.W. 957, there was a petition filed by Hebert for the writ of habeas corpus addressed to a Judge of the Criminal Court of Davidson County. Upon consideration of this petition said Judge issued a fiat addressed to the sheriff of Hamilton County directing him to produce the said Hebert before him on a given date to be dealt with according to law. The sheriff presented the prisoner at the appointed time and filed his return in which he stated he was holding Hebert under a decree pronounced by the Supreme Court of Tennessee at Knoxville and that he was further holding him by virtue of a warrant issued to the Governor of Tennessee on the requisition of the Governor of South Carolina.

In this situation, the matter was brought to this Court by an original petition seeking the issuance of the writs of certiorari and supersedeas and that the Judge of said Court be restrained from further action therein.

In this situation, the matter was brought to this Court by an original petition seeking the issuance of the writs

of certiorari and supersedeas and that the Judge of said Court be restrained from further action therein.

The Court passing upon the matter in that case and in considering the proof of this Court with respect to interference of final judgments and decrees said, page 237, 154 S.W. page 962:

"The power to enforce its final judgments is inherent in all courts, since without this power the courts themselves would be unable to effect the ends for which they were designed. This power not only inheres in all courts as a constituent part, but in this state is recognized and guaranteed by statute." (Now T.C.A. secs. 16-102, 16-305.)

The Hebert case has been quoted with approval in other cases decided by this Court since that date and particularly in the case of *Caldwell v. Spicer & McEvoy*, 159 Tenn. 465, 466, 19 S.W.2d 238, 239. The Court again said:—"This court has jurisdiction in the premises, (to grant writs of certiorari and supersedeas to the lower court) since such a proceeding (in the lower court) is an interference with the decrees of this court."

The power of the Courts to enforce their judgments and decrees was again considered in the case of *Chaffin et al. v. Robinson et al.*, 187 Tenn. 125 and at page 128, 213 S.W.2d 32, at page 33 the authorities above referred to were reviewed again and approved. Therefore, there can be no doubt about the power and authority of this Court to take such action as it deems proper and appropriate to enforce its decrees and orders and to issue all necessary process to prevent interference therewith.

A certified copy of the record in the present cause has been filed with the application for the writs in accord-

ance with Rule 10 of this Court, and such record has been fully considered. Therefore, it will be unnecessary to issue the writ of certiorari. However, an order will be issued superseding any action which has been taken, or may be taken, in connection with this cause now pending in the Chancery Court at Knoxville bearing No. 42212 and Rule Docket No. 106.

A permanent injunction will also be issued enjoining and restraining the complainants in said suit, and each of them, including all of those for whom they are acting in connection with the prosecution of this suit, together with their agents, servants and representatives from interfering in any way or manner, directly or indirectly, with the judgment of this Court as rendered on September 7, 1962 in the consolidated causes of *State of Tennessee ex rel. Dr. B. G. Stall et al. v. City of Knoxville; State of Tennessee ex rel. The West Knox Utility District of Knox County, Tennessee v. City of Knoxville; State of Tennessee ex rel. William E. Badgett et al. v. City of Knoxville;* and *State of Tennessee ex rel. Deane-Hill Country Club, Inc.* and *Dr. Ralph Monger et al. v. City of Knoxville* or the further prosecution of the cause now under consideration.

The respondents will pay all of the cost of this cause.

All concur except BURNETT, J., who did not participate herein.