David **BELMONT**, Petitioner,

v.

**BOARD OF LAW EXAMINERS,**
**Respondent.**

Supreme Court of Tennessee.

June 3, 1974.

A. J. Archibald, II, Petway, Archibald, Blackshear, Hagwood & Thompson, Nashville, for petitioner.

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, for respondent.

## OPINION

W. M. LEECH, Special Justice.

Petitioner, David Belmont, has taken the Tennessee Bar Examination four times, and on each occasion has failed to pass the examination. His application for permission to take the examination for the fifth time was denied by the Board of Law Examiners in accordance with Rule 37, Section 7 of the Rules of the Tennessee Supreme Court. Thereupon, Belmont filed a petition for the writ of certiorari with this Court contending that the Board's action was violative of T.C.A. § 4–1902. We granted the writ of certiorari to determine the constitutionality of the foregoing Code section.

 Prior to discussing the constitutional question herein involved, we must make it clear that the petition to review the action of the Board of Law Examiners in denying petitioner's request to take the examination for the fifth time is properly before this Court. We reach the foregoing conclusion because this Court has the inherent power to prescribe and administer rules pertaining to the licensing and admission of attorneys and as a necessary corollary thereto, no other court in Tennessee can construe or determine the applicability of a rule used to implement that power. It results, therefore, if this Court has the inherent and original power to prescribe the rules, then this Court has the original power to review the action of the Board of Law Examiners in interpreting and applying them. *See* In re: Adoption of Rule of Court, 479 S.W.2d 225 (Tenn.1972); Petition for Rule of Court Activating, Integrating and Unifying the State Bar of Tennessee, 109 Tenn. 78, 282 S.W.2d 782, 784 (1954).

Having disposed of the jurisdictional question, there remain two questions of law, so closely related that a discussion of one necessarily includes the other. The two questions are as follows:

1. Whether T.C.A. § 4–1902, as amended by Chapter 789 of the Public Acts of 1972, renders null and void Rule 37, Section 7 of the Rules of the Tennessee Supreme Court.

2. Whether an enactment of the Legislature which purports to delete a requirement established by a rule of the Supreme Court with respect to the admission of persons to practice law constitutes an invalid encroachment on the inherent power of the Supreme Court.

In order to properly discuss the foregoing questions, we will first point out the conflict between the legislation in question and this Court's authority. First, Rule 37, Section 7, provides that an applicant can take the examination required by the Board of Law Examiners three times. If the applicant fails the examination three times, he can take it a fourth time, but only with special permission of the Board and upon such terms as the Board may prescribe. The rule then provides: "If he should fail the fourth examination, he will not be permitted to take another."

In 1971, the General Assembly enacted Chapter 354, Public Acts, which was subsequently codified as T.C.A. § 4–1902, as follows:

"No board, commission, or agency of this state which issues licenses to persons to engage in an occupation, trade, or profession based upon written or oral examination shall adopt or enforce any rule, regulation, or law limiting the number of times that any person, otherwise qualified, may apply for and stand such written or oral examination at any regular examination session regardless of the

number of times such person has taken such examination."

The 1972 General Assembly amended T.C. A. § 4-1902 by passing Chapter 789, Public Acts, which added to said section the following:

"The provisions of this section shall specifically apply to the state board of law examiners."

This latter amendment clearly conflicts with Rule 37.

In order to resolve the foregoing conflict, a short statement of the history establishing a separate and independent judicial department and the admission of attorneys to practice before the courts in Tennessee will be helpful. A casual look at the Constitution of 1796 reveals that it did not establish a separate judicial department and until 1834, the courts were subservient to the will of the legislature. We note in Caldwell's Constitutional History of Tennessee that: "The power of the legislature to make and unmake courts was properly exercised in 1809, when the Superior Court was abolished and the Supreme Court and the Circuit Courts created." However, this defect in constitutional government was corrected by the Constitution of 1834, and further strengthened by the Constitution of 1870. The foregoing is evidenced by Article II, Sections 1 and 2 of the Constitution of 1870, which reads as follows:

"Sec. 1. *Division of powers.*—The powers of the Government shall be divided into three distinct departments: the Legislative, Executive, and Judicial.

"Sec. 2. *Limitation of powers.*—No person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in the cases herein directed or permitted."

Thus, as stated in Cantor v. Brading, 494 S.W.2d 139 (Tenn.App.1973):

"If the matter of admission of an attorney to the bar is an exercise of a judicial power, that power lies with the Supreme Court and constitutionally cannot be interfered with by the legislative department of the tripartite government of this State. Conversely, if the power is in the legislative department, the judicial department may not encroach upon the prerogative of the Legislature."

Herein, the petitioner concedes that the Courts have the inherent right to determine who shall practice before them, however, petitioner insists that the 1972 Act does not "encroach upon this sacred ground." In support of said contention a number of cases have been cited from other jurisdictions, however, it is not necessary to refer to those cases as our own Constitution, statutes, and cases provide ample authority for disposition of this matter.

In Cantor v. Brading, 494 S.W.2d 139, 142 (Tenn.App.1973), the Court correctly stated that:

"[The] supreme judicial and judicial supervisory power is an inherent power of the Supreme Court and has been so recognized by the legislative branch of our government. Section 16–331 T.C.A. recognizes that the Supreme Court has the power to take *all* action as may be necessary to the orderly administration of justice within the State, whether or not enumerated in that code section or elsewhere. Section 16–332 T.C.A. declares that this power is of common law origin as it existed at the time of the adoption of our Constitution."

▇ Thus, when the General Assembly enacted T.C.A. § 29–101, which established the Board of Law Examiners, they were merely creating an aid to the judiciary, therefore, the Board became a part of the judicial branch of government. This latter fact is further substantiated by the fact that the Supreme Court appoints the Board's members and has general supervisory authority over all the Board's actions. Similarly, T.C.A. § 29–103 requires the Board to hold examinations for applicants for licenses to practice law and specifically provides that the Supreme Court "shall prescribe rules to regulate the admission of

**464**

persons to practice law and providing for a uniform system of examinations . . . " It is important to note, however, that T.C. A. § 29–103 is merely a codification of this Court's inherent constitutional authority to regulate the courts.

Turning now to the Acts of 1971 and 1972, it is evident that they were meant to pertain to examinations given by boards, commissions and agencies which issue licenses to persons engaged in occupations, trades or professions. These boards, commissions and agencies are arms of the legislative branch of the government to which the legislature has delegated authority to issue licenses which otherwise would have to be done by the legislature. The Board of Law Examiners, however, is an agency of this Court and it performs certain duties prescribed by the rules of this Court. Moreover, it is important to note that the Board of Law Examiners does not issue licenses to practice law in the State of Tennessee; that authority remains exclusively with this Court.

█ The law is clear, therefore, that an act of the legislature in aid of the inherent power of the judiciary is constitutional; but one that conflicts with and supersedes the Court's declared requirements, and constitutes an attempted exercise of powers properly belonging to the judicial branch by the legislative branch of government violates Article II, Section 2 and Article VI, Section 1 of the Constitution of Tennessee. Cantor v. Brading, *supra*; Schoolfield v. Tennessee Bar Association, (Tenn. 2/4/74). In the instant case, it is evident that the 1972 amendment to T.C.A. § 4–1902 is in direct conflict with Section 7 of Rule 37 of this Court and thus is unconstitutional. Being unconstitutional, the Board of Law Examiners' decision was proper. Thus, it follows that petitioner will not be allowed to take the Tennessee Bar Examination a fifth time and his petition is accordingly dismissed.

DYER, C. J., and CHATTIN, McCANLESS and FONES, JJ., concur.