Petition of TENNESSEE BAR ASSOCIA-
TION for an order requiring annual
license fee of all practicing attorneys for
disciplinary purpose.

Petition of CERTAIN LAWYERS FOR
ORGANIZATION OF the
STATE BAR.

Supreme Court of Tennessee.

June 1, 1976.

See also, Tenn., 539 S.W.2d 810.

FONES, Justice.

OPINION AND ORDER OVERRULING
MOTIONS AND PETITION OF Al S. Bar-
ger, Leon W. Davis, Jr., U. L. McDonald,
Joe M. Parker, Richard H. Winningham.

The above named Petitioners, hereinafter
referred to as Barger, et al, filed a com-
plaint against the Supreme Court of Ten-
nessee in the Chancery Court of Hamilton
County seeking a decree declaring void a
Supreme Court Rule promulgated on De-
cember 18, 1975.

The Supreme Court of Tennessee re-
sponded by filing both in the pending cause
in this Court and in the Chancery Court of
Hamilton County an Opinion and Order
dated March 30, 1976. Therein, the Su-
preme Court documented the relevant pro-
ceedings that had transpired from the ini-
tiation by the Tennessee Bar Association, a
voluntary organization of lawyers, of an
original Petition to amend Rule 42, estab-
lish an office of investigative counsel, and
impose an annual license fee on lawyers to
support said office, filed on May 9, 1974, to
the Opinion and Order of the Supreme
Court of Tennessee released on December
18, 1975. In the March 30, 1976 Order it
was observed that the inferior Courts of
this State may not entertain any suit or
action challenging the validity of any Rule
of the Supreme Court of Tennessee and
that such a proceeding is unknown to the

law. In short, it was held that the trial courts of this State have no jurisdiction over the Supreme Court of Tennessee as a party litigant, nor does subject matter jurisdiction exist for the purpose of examining the propriety and correctness of the Opinions and Decrees of the Supreme Court of Tennessee.

The Opinion and Order of March 30, 1976, concluded by noting, in effect, that the proceedings in the Supreme Court of Tennessee wherein Rule 42 was promulgated are still pending and that Petitions to amend, modify or vacate Rule 42 or any other Rule of the Supreme Court may be filed at any time; further, that the Complaint of Barger, et al would be transferred to this Court and treated as a Petition to Vacate or Modify Rule 42.

The subsequent actions of the Learned Chancellor of the Chancery Court of Hamilton County, Part II, and Barger, et al clearly indicate that they do not comprehend the import of that Order and are unwilling to abide by it.

The learned Chancellor filed a Memorandum and Order dated April 5, 1976, noting in the first paragraph thereof that the suit by Barger, et al was against the Supreme Court of Tennessee. He then turns to the Rules of Civil Procedure and observing that they contain no explicit Rule exempting parties sued in a representative capacity from asserting defenses in accord with Rule 12.02 Tennessee Rules of Civil Procedure, he ultimately concludes that:

> "[T]his Court is unaware of any appellate procedure known to the law whereby the parties in the posture of defendants in the trial Court can order a case dismissed as a Supreme Court without first having gained jurisdiction over the law suit through appellate procedures. The Court, therefore, concludes that the Order signed by the five defendants as the Supreme Court of this State, insofar as it directs and orders this Court to dismiss this case, is void for want of jurisdiction."

Said pronouncement is in effect an adjudication by the Chancellor that the Chancery Court of Hamilton County, Tennessee, and it follows any other trial court in the State Court System, has jurisdiction over the Supreme Court of Tennessee, as a party defendant and jurisdiction of the subject matter of the Orders and Decrees of the Supreme Court for the purpose of reviewing and voiding same.

A search of Gibson's Suits in Chancery, the statutes and case law of this State and our sister states does not reveal any authority whatsoever for such jurisdiction and none is advanced by the Chancellor or Barger, et al. The premise is simply indulged that the Chancery Court has jurisdiction over the Supreme Court as a party defendant and jurisdiction to consider the validity and propriety of the Opinions and Decrees of the higher Court. It would necessarily follow that the trial courts of this State would have jurisdiction over the Court of Appeals and the Court of Criminal Appeals to review, reverse and void the final Decrees of the intermediate appellate courts.

Barger, et al, ignoring the plain provision of the order of March 30, 1976, that the only issue to be briefed and argued was the constitutionality of Rule 42, have filed several motions. The motion to recuse was overruled at the bar of the Court on May 7, 1976. The motion to strike Petition and Brief of Louis Farrell, Jr., is denied. Barger, et al, represent themselves as lawyers "who have solemnly and properly attempted to obtain an adjudication of constitutional issues." This Court has heretofore held that the only forum wherein that adjudication can be made is the Supreme Court of Tennessee, but in the face of that final pronouncement they persist in pursuing a spurious and untenable course. The language of the brief of which they take exception is well within the bounds of advocacy, in the circumstances, and is a scholarly, well reasoned brief. Mr. Farrell is an active petitioning party to the above styled proceeding and has every right to be heard on the subject matter here involved, a right possessed equally with every other lawyer in Tennessee.

The argument is again made that this Court's jurisdiction is appellate only, and

therefore we must abide the usual procedure of pleading in the trial court and awaiting a final decree therein and a timely appeal before the Supreme Court has any jurisdiction—even though a final judgment of this Court is the subject matter of the complaint.

■ The Supreme Court of Tennessee has original and exclusive jurisdiction to promulgate its own Rules. Its rule making authority embraces the admission and supervision of members of the Bar of the State of Tennessee.

■ Rule 37 prescribes the qualifications required for the practice of law and controls the examination and licensing procedure and the fees to be charged therefor. This Rule was prescribed and has been amended many times and from time to time by the Supreme Court exercising original jurisdiction without notice and without hearings. No other Court in Tennessee has jurisdiction to promulgate a Rule governing the licensing of attorneys, and no other Court in Tennessee has jurisdiction to review and change or void any Rule promulgated by this Court. No count in the state court system has jurisdiction to entertain a suit against the Supreme Court of Tennessee, and a suit naming the members in their representative capacity is a suit against the Court.

In *Belmont v. Board of Law Examiners*, 511 S.W.2d 461 (Tenn.1974), the Supreme Court exercising original jurisdiction of a proceeding involving the constitutionality of T.C.A. § 4–1902, a legislative act in direct conflict with Supreme Court Rule 37, Section 7, addressed the jurisdictional question as follows:

"Prior to discussing the constitutional question herein involved, we must make it clear that the petition to review the action of the Board of Law Examiners in denying petitioner's request to take the examination for the fifth time is properly before this Court. We reach the foregoing conclusion because this Court has the inherent power to prescribe and administer rules pertaining to the licensing and admission of attorney and as a necessary

corollary thereto, no other court in Tennessee can construe or determine the applicability of a rule used to implement that power. It results, therefore, if this Court has the inherent and original power to prescribe the rules, then this Court has the original power to review the action of the Board of Law Examiners in interpreting and applying them."
511 S.W.2d at 462.

In Petition for Rule of Court Activating, Integrating and Unifying the State Bar of Tennessee, 199 Tenn. 78, 282 S.W.2d 782 (1955), the Supreme Court exercised original jurisdiction of a petition to adopt a rule of court. At that time the members of this Court were Chief Justice A. B. Neal, Justices Allen N. Prewitt, Pride Tomlinson, Hamilton S. Burnett and John E. Swepston.

The lawyers opposing unification urged, as a threshhold issue, that Chapter 54, Public Acts of 1955 prohibited unification and that the Supreme Court had no jurisdiction to pass upon the constitutionality of that legislative Act in the pending proceeding, wherein the Court was exercising original jurisdiction, because the jurisdiction of the Supreme Court was appellate only.

The Supreme Court, Justice Tomlinson writing, answered that contention as follows:

"If Courts have inherent power to prescribe qualifications required for the practice of law, it seems to follow, as held by the Supreme Court of Massachusetts, in *Collins v. Godfrey*, 324 Mass. 574, 87 N.E.2d 838, 841, that 'the Supreme Judicial Court, as under the Constitution the highest court in the Commonwealth, is the proper representative of the judicial department and the repository of the power.' This Court's power, then, *in this respect is original*, rather than appellate. That being true, its adjudication as to whether Chapter 54 deprives it of this original authority is only an incident to its decision as to whether it will exercise such authority." (Emphasis added).
282 S.W.2d at 784.

That is precisely the jurisdictional issue involved here. The holding of our predeces-

sors on this Court in 1955 was sound and controls absolutely the disposition of the issue of jurisdiction raised here.

The Supreme Court had jurisdiction of the issue of the constitutionality of this Court's authority to impose an annual license fee on lawyers and adjudicated that issue on December 18, 1975. It was a final adjudication, subject only to a Petition to Rehear in accord with the requirements of Supreme Court Rule 32. In our Order of March 30, 1976, transferring the Barger, et al Complaint to this Court, we waived the time requirement of Rule 32 and extended to Barger, et al the opportunity to, in effect, brief the question as on a Petition to Rehear and they have declined to do so.

In *State ex rel, Stall v. City of Knoxville*, 211 Tenn. 428, 365 S.W.2d 433 (1963), the Supreme Court was confronted with a case pending but undecided in the Chancery Court of Knox County wherein the complainants were attempting to obtain an adjudication on an identical issue that the Supreme Court had theretofore finally adjudicated. This Court enjoined any and all further prosecution of the case in the Chancery Court and held:

> "It has long been recognized in this State that our Court has the authority and duty to issue such writs and process as are necessary to carry into execution its final orders and decrees and to protect Trial Courts from being imposed upon by the commencement of suits which have been already finally determined."

365 S.W.2d at 436.

When the present Supreme Court of Tennessee was served with process issuing out of the Chancery Court of Hamilton County, Tennessee, the Court responded by filing therein a dignified and respectful Opinion and Order stating the lack of jurisdiction in the Chancery Court of Hamilton County to proceed.

It was, and continues to be, astonishing and unprecedented in the law, that the propriety, and the finality of that order is disputed. A less tenable or more absurd proposition cannot be advanced than the contention that the Supreme Court of Tennessee must appear by counsel in a trial court and plead its case for jurisdiction over the promulgation of rules governing the practice of law, and ask through counsel that its judgment, entered and final, not be overturned.

No other court in the Tennessee system of Courts can wrest jurisdiction of the issue of the constitutionality of Rule 42 from this Court, and any effort to do so is a direct interference with the jurisdiction and decrees of this Court.

A permanent injunction will issue enjoining and restraining Al S. Barger, Leon W. Davis, Jr., U. L. McDonald, Joe M. Parker, Richard H. Winningham, Thomas H. Harris and Chancellor Herschel Franks, and all of those for whom they are acting, in the further prosecution in the courts of the State of Tennessee of the subject matter of the complaint filed February 27, 1976, in the Chancery Court of Hamilton County, Tennessee, and from interfering in any manner, directly or indirectly, with the judgment of this Court as rendered in the above styled cause on December 18, 1975, March 30, 1976, and the judgment of this date, except for whatever remedies they may elect to pursue in the Federal Courts.

COOPER, C. J., and HENRY, BROCK and HARBISON, JJ., concur.

HARBISON, Justice (concurring).

I concur in the opinion prepared for the Court by Mr. Justice Fones. I think that a few additional comments about the actions which this Court has taken may be in order.

For many years the Supreme Court of Tennessee has adopted and prescribed professional standards governing the practice of law in this state. Insofar as I am aware, no member of the profession has heretofore challenged in any manner the authority of this Court so to do.

At 185 Tenn. 889 will be found the following order of the Court, included among the Rules of the Tennessee Supreme Court effective August 31, 1948:

"The ethical standards relative to the practice of law, and the administration of the law in this Court shall be the Canons of Professional and Judicial Ethics of the American Bar Association now in force, and as hereinafter modified or supplemented."

At least since 1903, this Court has had statutory power to appoint a Board of Law Examiners, T.C.A. § 29–101, and to "prescribe rules to regulate the admission of persons to practice law . . . ." T.C.A. § 29–103.

The practice of law is defined in great detail in T.C.A. § 29–302. Only persons duly licensed under the rules and regulations of this Court are entitled to engage therein, T.C.A. § 29–303, and these rules and regulations have for many years required the payment of a license fee.

By its Rule 40, appearing at 192 Tenn. 827, this Court many years ago provided for the appointment of members of the Bar to investigate grievances or complaints against lawyers charged with misconduct. The Rule also provided for the appointment of counsel to institute disbarment proceedings. This Rule was later readopted as Rule 42, and by order dated July 19, 1965, which is copied verbatim in 1 T.C.A. at pages 176 *et seq.* (1975 Supp.), the Court, acting upon a petition of the Tennessee Bar Association, set up commissioners for the purpose of investigating complaints of unethical conduct and professional misconduct on the part of attorneys.

To implement enforcement of the standards of professional ethics and responsibility, the order of July 19, 1965 directly involved the Board of Governors of the Tennessee Bar Association and local bar associations, in the manner set out in detail in that Rule. The use of investigative committee reports under Rule 42 has received express sanction by the General Assembly. T.C.A. § 29–309.

In 1974 the Tennessee Bar Association reported to this Court, through its Board of Governors, and by a petition and brief duly filed, that the methods heretofore selected and utilized for the enforcement of the Canons of Ethics, now referred to as the Standards of Professional Responsibility, were no longer practicable or workable. The Tennessee Bar Association had neither the personnel nor the funds with which to make the voluntary system prescribed in Rule 42 effective or operable. Local bar associations continued to function reasonably well in the larger urban centers of the state. Smaller bar associations and unorganized Bars were simply unable to handle the investigation of grievances and the enforcement of standards of professional responsibility. The Tennessee Bar Association therefore requested this Court to revise Rule 42 and the 1965 order above referred to.

It was in response to this petition of the Tennessee Bar Association and upon information developed therefrom that the Court chose a different and alternative method of enforcing the standards of professional ethics and the investigation of grievances. This the Court felt it had to do in the interest of the public and also in the interest of the members of the profession itself.

Instead of relying upon the efforts of the Tennessee Bar Association and the voluntary services of individual lawyers and local bar associations, the Court chose a method by which the financing of grievance investigations and enforcement of professional standards would be shifted to the entire membership of the state's legal profession and upon all persons holding a license to practice law in this state, with the exceptions set out in the new Rule 42 issued by the Court.

It is difficult to believe that this action on the part of the Tennessee Supreme Court can properly be called a usurpation of power or a violation of constitutional principles or of individual rights. The Court, under Rule 42, is dealing with professional men and is attempting to deal with them in a professional manner. It has called upon them, for the protection of the public and for the protection of the integrity of their own licenses to practice law, to bear, in the form of a very small annual fee, the cost of

establishing the office of Disciplinary Counsel and a staff to serve that office.

Neither the undersigned nor any other member of the Tennessee Supreme Court has now or has ever had any desire or intention to exercise unwarranted authority, or to interfere with the freedom or liberty of any individual or professional man. Both by statute and by inherent authority, however, this Court has long had and has exercised the role of prescribing and seeking to enforce and uphold the standards of professional responsibility in this State. The Court has chosen for this purpose a different method from that followed in the past for many years, but in doing so it is merely exercising one of the traditional powers which it holds, both by statute and of necessity from being the licensing and regulatory authority for the legal profession.

The Court has undertaken to extend to any member of the profession who questions its actions in any manner the right to file a petition, at any reasonable time, to ask the Court to reconsider or modify those actions. The Court has every intention of extending to any person desiring it a right of appeal to the United States Supreme Court, if he conceives that there is presented any issue which is properly reviewable in that Court.

The Court should not, however, and in my opinion can not, permit attacks to be made upon its rule making power in trial courts, nor can the members of the Supreme Court be required to appear at the bar of trial courts to defend rules made by them in their official capacities. In no sense is this Court or any of its members, "above the law", but neither can it or its members be subjected to suits in the trial courts in the manner here attempted. Analogies to ordinary private or adversary litigation are fallacious, and attempts to apply the ordinary processes of civil litigation to the regulatory authority of this Court over the legal profession are inappropriate. Of course, if the Disciplinary Counsel or his staff are guilty of any misconduct in office, they may be required to answer in the courts in the

regular way. Questions as to the authority of this Court to create the office or to promulgate Rule 42, however, must be addressed to this Court by proper petition, filed here.

I therefore concur in the opinion prepared by Mr. Justice Fones and hope that these few additional comments will serve to make more clear to the public and to the legal profession the action which has been taken by the Court and the reasons therefor.