IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned June 5, 2013

# HERBERT S. MONCIER v. HEARING PANEL OF THE BOARD OF PROFESSIONAL RESPONSIBILITY

### Appeal from the Chancery Court for Knox County
No. 179924-1    John F. Weaver, Chancellor

### No. M2012-01850-COA-R3-CV - Filed July 19, 2013

An attorney disciplined by the Board of Professional Responsibility brought suit against the Board hearing panel that decided his case.  The attorney asserts that the hearing panel violated the Open Meetings Act.  We have concluded that the trial court properly determined that the Open Meetings Act does not apply to the Board's hearing panels.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., and RICHARD H. DINKINS, JJ., joined.

Herbert S. Moncier, Knoxville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Janet M. Kleinfelter, Deputy Attorney General, for the appellee, Hearing Panel of the Board of Professional Responsibility.

## OPINION[1]

### FACTUAL AND PROCEDURAL BACKGROUND

Herbert Moncier is an attorney licensed to practice law in Tennessee.  The Board of Professional Responsibility of the Supreme Court of Tennessee (the "Board"), the agency

---

[1]This matter was originally argued on March 4, 2013 before the Eastern Section of the Court of Appeals sitting in Knoxville.  It was transferred to the Middle Section on June 4, 2013.  Because the March 4, 2013 argument was recorded, reargument was deemed unnecessary and the matter was assigned to the author on June 5, 2013.

charged with the regulation and discipline of attorneys licensed in Tennessee, filed formal disciplinary proceedings against Mr. Moncier. The matter was heard by a three-member hearing panel appointed by the Board and, on January 13, 2010, the hearing panel issued a decision finding that Mr. Moncier had violated the Tennessee Rules of Professional Conduct. The hearing panel suspended Mr. Moncier's law license for eleven months and twenty-nine days; all but forty-five days of the suspension was probated. The hearing panel's decision was upheld by the Tennessee Supreme Court on June 1, 2011. *See In re: Herbert S. Moncier*, No. M2011-00595-SCF-BPR-BP.

On March 11, 2011, Mr. Moncier filed this action in Knox County Chancery Court against the hearing panel that heard his case before the Board (No. 2008-1766-2-SG). He alleged that the hearing panel violated Tennessee's Open Meetings Act by meeting in private to deliberate toward a decision, by failing to provide adequate public notice of its hearings, by voting in secret in making its final decision, and by failing to record minutes and make them available to the public. Mr. Moncier sought an order declaring the hearing panel's decision in his case to be void and of no effect. The hearing panel filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. In the alternative, the hearing panel moved for a stay pending a decision in a related case in Davidson County.

In September 2011, the trial court stayed this case "for a reasonable period to await the ruling from the Davidson County Chancery Court." After the Davidson County court issued its decision on September 23, 2011, the hearing panel renewed its motion to dismiss the Knox County case. In February 2012, Mr. Moncier filed a motion for summary judgment.

After a hearing on June 11, 2012 on the hearing panel's motion to dismiss and Mr. Moncier's motion for summary judgment, the trial court issued a memorandum opinion addressing the issue of whether a hearing panel of the Board is subject to the Open Meetings Act. The trial court determined that the authority of a hearing panel, like that of the Board, "is traceable to the Tennessee Supreme Court and not the legislature." The court therefore concluded that the hearing panel was not a public body under the Open Meetings Act. On August 1, 2012, the court entered an order granting the hearing panel's motion to dismiss and denying Mr. Moncier's motion for summary judgment. Mr. Moncier appeals.

ISSUES ON APPEAL

Mr. Moncier raises a myriad of issues on appeal, including the following: (1) Whether hearing panels of the Board are subject to the Open Meetings Act; (2) whether the Tennessee Supreme Court and the legislature share authority over the practice of law and discipline of

attorneys; (3) whether licensed attorneys have a constitutionally protected liberty or property interest to practice law without interference by the state; (4) whether Tennessee's public duty to regulate and discipline attorneys is delegated to hearing panels that are public bodies subject to the Open Meetings Act; (5) whether attorney discipline that denies protections under the Open Meetings Act is unconstitutional under Article XI, section 16 of the Tennessee Constitution; (6) whether attorney discipline that allows secret meetings, deliberations and votes by the hearing panel violates the Open Courts Clause of the Tennessee Constitution; (7) whether a classification of licensed attorneys to deny protections under the Open Meetings Act and remedies available to other Tennessee professional licensees violates the equal protection provisions of the United States Constitution and the Tennessee Constitution; (8) whether Mr. Moncier has a constitutional right to petition the court for grievances under the Tennessee Constitution and the First and Fourteenth Amendments of the United States Constitution; (9) whether, except where Tenn. Sup. Ct. R. 9 provides otherwise, hearing panels are state agencies subject to the Administrative Procedures Act; and (10) whether Mr. Moncier is entitled to his attorney fees.

Several of these issues (numbers one, two and four in particular) fall under the broad question of whether a hearing panel of the Board is subject to the Open Meetings Act. The constitutional issues enumerated by Mr. Moncier on appeal were not included in his complaint as amended.[2]  We decline to address these constitutional arguments for the first time on appeal. *See Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983).

STANDARD OF REVIEW

The purpose of a motion to dismiss under Tenn. R. Civ. P. 12.02(6) is to test the legal sufficiency of the complaint, not the strength of the complainant's proof. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). In reviewing a motion to dismiss based on Rule 12.02(6), we must liberally construe the pleading, presuming all factual allegations are true and drawing all reasonable inferences in favor of the complainant. *Trigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31 (Tenn. 2007); *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 37 (Tenn. Ct. App. 2006). This determination is a conclusion of law which is reviewed de novo on appeal with no presumption of correctness. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d at 691, 696-97 (Tenn. 2002); *Kincaid*, 221 S.W.3d at 37.

---

[2]In his first amended complaint, Mr. Moncier included allegations that the Board's actions violated the Open Courts Clause of the Tennessee Constitution. In a motion to file a second amended complaint, however, Mr. Moncier noted that, in his first amended complaint, he had included allegations against the Board as if it were a defendant; he sought to "clarify that this action is to void the Hearing Panel's rulings for violations of the Open Meetings Act by the Hearing Panel." The second amended complaint contains allegations that the hearing panel violated the Open Meetings Act, and there are no allegations that the hearing panel's actions violated any constitutional provisions.

ANALYSIS

Mr. Moncier asserts that hearing panels of the Board are subject to the Open Meetings Act. We disagree.

In a recent case brought by Mr. Moncier against the Board, we addressed the issue of whether the Open Meetings Act applied to meetings at which the Board decided to institute formal disciplinary proceedings. *See Moncier v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, M2012-00779-COA-R3-CV, 2013 WL 2490576 (Tenn. Ct. App. June 6, 2013). We reached the conclusion that the Open Meetings Act does not apply to the Board and, as discussed below, the same reasoning leads us to the same conclusion in the present case with respect to hearing panels. *See id.* at *5.

The Open Meetings Act, Tenn. Code Ann. § 8-44-101 *et seq.*, requires that meetings of any governing body are to be "open to the public at all times, except as provided by the Constitution of Tennessee." Tenn. Code Ann. § 8-44-102(a). According to the pertinent statutory definition, a "governing body" is "[t]he members of any public body which consists of two (2) or more members, with the authority to make decisions for or recommendations to a public body on policy or administration . . . ." Tenn. Code Ann. § 8-44-102(b)(1)(A). The term "public body" is not defined in the act, but the Tennessee Supreme Court has stated:

> It is clear that for the purpose of this Act, the Legislature intended to include any board, commission, committee, agency, authority or any other body, by whatever name, whose origin and authority may be traced to State, City or County *legislative action* and whose members have authority to make decisions or recommendations on policy or administration affecting the conduct of the business of the people in the governmental sector.

*Dorrier v. Dark*, 537 S.W.2d 888, 892 (Tenn. 1976) (emphasis added). Thus, we must determine whether hearing panels receive their authority from legislative action and "have authority to make decisions or recommendations on policy or administration affecting the conduct of the business of the people in the governmental sector." *Id.*

Our Supreme Court is the "source of authority of the Board of Professional Responsibility and all of its functions." *Hughes v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 259 S.W.3d 631, 640 (Tenn. 2008). The Tennessee Supreme Court has inherent authority to license and regulate attorneys who practice law in this state. *Smith Cnty. Educ. Ass'n v. Anderson*, 676 S.W.2d 328, 333 (Tenn. 1984). It can make rules to implement this authority. *Petition of Tenn. Bar Ass'n*, 539 S.W.2d 805, 807 (Tenn. 1976). Tennessee

-4-

Supreme Court Rule 8 establishes the ethical rules to which attorneys must adhere, and Rule 9 establishes the mechanism by which the ethical rules are enforced. Rule 9, section 5 creates the Board of Professional Responsibility, and Rule 9, section 6.4 provides for hearing panels. Tenn. Sup. Ct. R. 9, §§ 5, 6.4. The Board derives all of its powers and functions from the Supreme Court and is an agent of the Supreme Court. *Doe v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 104 S.W.3d 465, 472 (Tenn. 2003).

We reject Mr. Moncier's argument that hearing panels are created by legislative action. As Mr. Moncier emphasizes, Tenn. Code Ann. § 16-3-404 provides that the Supreme Court's rules do not take effect until approved by the general assembly. As we discussed in Mr. Moncier's previous appeal regarding the application of the Open Meetings Act to the Board itself, the Supreme Court adopted the forerunner of Tenn. Sup. Ct. R. 9 and subsequent comprehensive revisions without submitting them to the legislature for approval. *Moncier*, 2013 WL 2490576, at *4. Moreover, chapter 16, section 3, part 4 of the Tennessee Code does not encompass rules governing the discipline of attorneys. *Id.* We concluded that the Tennessee Supreme Court does not consider rules governing the disciplining of attorneys to be covered by Tenn. Code Ann. § 16-3-404. *Id.* As the trial court pointed out in the present case, a "hearing panel is part of the same framework [of Tenn. Sup. Ct. R. 9], created and ultimately overseen by the Tennessee Supreme Court, for monitoring attorney conduct." Thus, hearing panels, like the Board itself, are created by and receive their authority from the Supreme Court and are not created by legislative action.

It should also be pointed out that the function of a hearing panel is to hear and dispose of formal disciplinary petitions against attorneys. Tenn. Sup. Ct. R. 9, § 8.2. A hearing panel decision is not a recommendation to the Board; rather, the hearing panel's decree is final unless one of the parties files an appeal or the Supreme Court proposes to increase or decrease the punishment. Tenn. Sup. Ct. R. 9, §§ 8.3, 8.4. Thus, it appears that hearing panels do not "make decisions or recommendations on policy or administration affecting the conduct of the business of the people in the governmental sector." *Dorrier*, 537 S.W.2d at 892; *see also Redmon v. City of Memphis*, No. W2009-1520-COA-R3-CV, 2010 WL 596385, at *3 (Tenn. Ct. App. Feb. 19, 2010).

For the foregoing reasons, we conclude that hearing panels are not governing bodies and, therefore, are not subject to the Open Meetings Act. Having reached this conclusion, we need not address any of the remaining issues on appeal.[3]

---

[3]We find no merit in Mr. Moncier's brief argument that, pursuant to the Administrative Procedures Act, Board hearing panel proceedings must be conducted in compliance with the Open Meetings Act.

CONCLUSION

The judgment of the trial court is affirmed.  Costs of appeal are assessed against Mr. Moncier, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE