IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

## DANIEL SUNGKOOK CHONG v. TENNESSEE BOARD OF LAW EXAMINERS

### Appeal from the Board of Law Examiners

_____

### No. M2015-00982-SC-BAR-BLE – Filed December 4, 2015
_____

The petitioner appeals from a decision of the Board of Law Examiners denying his application to take the Tennessee bar examination. The denial was based on Mr. Chong's noncompliance with Supreme Court Rule 7, section 7.01. We affirm the judgment of the Board of Law Examiners.

### Tenn. Sup. Ct. R. 7, § 14.01, Petition for Review; Judgment of the Board of Law Examiners Affirmed

SHARON G. LEE, C.J., delivered the opinion of the Court, in which CORNELIA A. CLARK, JEFFREY S. BIVINS, and HOLLY KIRBY, JJ., joined.

Guilford F. Thornton, Jr., and Nicholas A. DuPuis, Nashville, Tennessee, and Lucian T. Pera, Memphis, Tennessee, for the appellant, Daniel Sungkook Chong.

Herbert H. Slatery III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Talmage M. Watts, Senior Counsel, for the appellee, Board of Law Examiners.

### OPINION

### I.

In December 2013, Daniel Sungkook Chong, a resident of South Korea, received his law degree from the Handong International Law School in Korea. In March 2014, Mr. Chong applied to the Tennessee Board of Law Examiners ("the Board") to sit for the July 2014 Tennessee bar examination. The Board denied his application. The denial was based on Mr. Chong's failure to comply with the requirements of Supreme Court Rule 7, section 7.01, because he had not provided proof that he had successfully completed at

least twenty-four semester hours in residence at an American Bar Association ("ABA") approved law school in addition to the education he received in Korea.

In November 2014, Mr. Chong filed a second application to take the Tennessee bar exam. The Board denied his application, and Mr. Chong requested a hearing before the Board. On December 11, 2014, the Board heard evidence that Mr. Chong had earned thirty semester hours from Regent University School of Law ("Regent"), an ABA-approved law school in Virginia, but that he was never physically present at Regent. The credit hours he obtained through Regent were earned by taking courses taught by Regent professors serving as visiting professors in Korea or by taking online distance-learning courses offered by Regent. Mr. Chong contended that, even though he was not physically present at Regent's campus in the United States, the disputed credit hours are considered "in residence" under the *ABA Standards and Rules of Procedure for Approval of Law Schools* (2013-14) ("*ABA Standards*").

On January 9, 2015, the Board filed an order denying Mr. Chong's second application for the same reason it had denied his first application. On March 10, 2015, Mr. Chong filed a petition for writ of certiorari under Rule 7, section 14.01, seeking this Court's review of the Board's denial of his application. On March 30, 2015, the Board filed an amended and superseding order denying Mr. Chong's application on two grounds: that he had failed to demonstrate that he successfully completed twenty-four hours "in residence" at an ABA-approved law school and that all but four of the thirty credit hours Mr. Chong had earned through Regent had been counted by Handong International Law School in the required credit hours needed for Mr. Chong to graduate from law school. We granted the Board's motion to dismiss based on mootness but without prejudice to Mr. Chong filing a new petition relating to the Board's amended order.

On May 29, 2015, Mr. Chong filed his second petition for writ of certiorari under Rule 7, section 14.01. The Board filed a response to the petition, and Mr. Chong filed a reply to the Board's response.

## II.

The Supreme Court has the exclusive and inherent authority to prescribe and administer rules pertaining to the licensing and admission of attorneys. *See Belmont v. Bd. of Law Exam'rs*, 511 S.W.2d 461, 462 (Tenn. 1974); *see also Petition of Burson*, 909 S.W.2d 768, 773 (Tenn. 1995). Because of our unique responsibility over bar-related matters, this Court is the ultimate authority on the interpretation of the rules governing attorney licensing and admission and has the plenary power to review the actions of the Board in interpreting and applying those rules. *See Belmont*, 511 S.W.2d at 462; *cf. Frazier v. State*, 303 S.W.3d 674, 679 (Tenn. 2010) ("Because of our special interest in

the administration of the ethics of our profession, this Court has the plenary power to review any interpretation of the rules governing attorney conduct.").

Mr. Chong's petition states a single issue presented for review: whether the Board acted illegally or arbitrarily in denying his application to sit for the February 2015 bar examination. In its response to the petition, the Board divides Mr. Chong's issue into two separate issues:

> 1. Whether Section 7.01 requires an applicant who has earned a J.D. equivalent degree from a law school in a foreign country to earn an additional [twenty-four] semester hours, regardless of the number of hours required by the foreign-law-school-degree program.
>
> 2. Whether the additional semester hours required by Section 7.01 must be earned while the applicant is physically in residence at an ABA-accredited law school in the United States.[1]

The dispositive issues in this appeal pertain both to the meaning and application of Rule 7, section 7.01, and particularly the italicized text below:

> Notwithstanding the provisions of § 2.01 and § 2.02, an applicant who has completed a course of study in and graduated from a law school in a foreign country, which law school was then recognized and approved by the competent accrediting agency of such country, may qualify, in the discretion of the Board, to take the bar examination, provided that the applicant shall satisfy the Board that his or her undergraduate education and legal education were substantially equivalent to the requirements of this rule. *In addition, the applicant shall also demonstrate to the satisfaction of the Board that he or she has successfully completed at least 24 semester hours in residence at a law school approved by the American Bar Association* or has successfully earned one-third of the credits necessary to graduate from a law school approved by the Board under § 2.03. An applicant who graduated from a law school in a foreign country shall also comply with the other pertinent

---

[1] The Board's response also states a third issue—whether Mr. Chong exhausted his administrative remedy—but the Board in its response appears to have conceded this issue has no merit.

provisions of this rule and shall be required to pass the bar examination.

Tenn. Sup. Ct. R. 7, § 7.01 (emphasis added).

The two issues set out in the Board's response to the petition more precisely state the dispositive issues in this appeal. Our analysis below follows the order in which the Board states those two issues.

The Board concluded that Mr. Chong failed to show that he earned twenty-four semester hours in addition to his law degree because twenty-six of the thirty semester hours he had earned through Regent were credited toward his law degree from Handong International Law School. Mr. Chong asserts that section 7.01 requires only that the twenty-four in residence hours be earned at an ABA-approved law school and that these hours need not be earned *over and above* the hours required for the student's J.D.-equivalent degree.

We begin our analysis by considering the component parts of section 7.01. Section 7.01 first requires the foreign applicant to have "completed a course of study in and graduated from a law school in a foreign country, which law school was then recognized and approved by the competent accrediting agency of such country[.]" Second, section 7.01 requires the applicant to "satisfy the Board that his or her undergraduate education and legal education were substantially equivalent to the requirements of this rule." The Board found that Mr. Chong satisfied both of those requirements. The next component of section 7.01, however, provides: "*In addition*, the applicant shall also demonstrate to the satisfaction of the Board that he or she has successfully completed at least 24 semester hours *in residence* at a law school approved by the American Bar Association or has successfully earned one-third of the credits necessary to graduate from a law school approved by the Board under § 2.03."[2] (Emphasis added). Section 7.01 also provides that "[a]n applicant who graduated from a law school in a foreign country shall also comply with the other pertinent provisions of this rule and shall be required to pass the bar examination."

Read in the context of the first two components of section 7.01, the words "[i]n addition," used in the third component of section 7.01, mean that the minimum of twenty-four credit hours "in residence at a law school approved by the American Bar Association" must be earned *in addition* to the applicant's law degree. Based on the

---

[2] For purposes of this appeal, the pertinent text in the sentence quoted above from section 7.01 relates to semester hours allegedly earned from an ABA-approved law school. Although not relevant for purposes of this appeal, we note for the sake of completeness that section 7.01 also applies to any applicant who "has successfully earned one-third of the credits necessary to graduate from a law school approved by the Board under § 2.03."

undisputed facts, Mr. Chong cannot meet that requirement because the very credit hours upon which he bases his "in residence" argument are credit hours he used to earn his law degree from Handong International Law School. The Board did not err in denying his application to take the Tennessee bar examination on this ground.

Although our resolution of the issue concerning the construction of the words "[i]n addition" arguably renders moot the separate issue concerning the meaning of the words "in residence," as used in section 7.01, we address this issue to provide guidance to the Board and future applicants.

Mr. Chong makes a number of arguments to support his position that the thirty credit hours he earned through Regent must be considered as hours earned "in residence" for purposes of section 7.01 and that the Board acted illegally or arbitrarily in finding otherwise. We have carefully considered all of Mr. Chong's arguments and find that none have merit.

Mr. Chong submits that the question of whether academic hours qualify as "in residence" under section 7.01 should be determined by the meaning of "in residence" as used in Standard 304 of the *ABA Standards*.[3] He contends that if a law school program meets the intensity and duration requirements under Standard 304, the hours a student earns in that program should qualify as "in residence" under section 7.01. The requirement of section 7.01 that applicants who graduated from foreign law schools obtain a minimum number of credit hours "in residence" at an ABA-approved law school

---

[3] Standard 304 of the *ABA Standards* provides:

(a) A law school shall have an academic year of not fewer than 130 days on which classes are regularly scheduled in the law school, extending into not fewer than eight calendar months. The law school shall provide adequate time for reading periods, examinations, and breaks, but such time does not count toward the 130-day academic year requirement.

(b) A law school shall require, as a condition for graduation, successful completion of a course of study in residence of not fewer than 58,000 minutes of instruction time, except as otherwise provided. At least 45,000 of these minutes shall be by attendance in regularly scheduled class sessions at the law school.

(c) A law school shall require that the course of study for the J.D. degree be completed no earlier than 24 months and no later than 84 months after a student has commenced law study at the law school or a law school from which the school has accepted transfer credit.

(d) A law school shall require regular and punctual class attendance.

(e) A law school shall not permit a student to be enrolled at any time in coursework that, if successfully completed, would exceed 20 percent of the total coursework required by that school for graduation (or a proportionate number for schools on other academic schedules, such as a quarter system).

(f) A student may not be employed more than 20 hours per week in any week in which the student is enrolled in more than twelve class hours.

was first adopted in 2009.[4]  *See* Order, *In re Amendment to Rule 7, Section 7.01*, No. M2008-02646-SC-RL2-RL (Tenn. June 12, 2009).  The Court intended the words "in residence" to mean physically in residence at an ABA-approved law school.  In adopting that requirement in section 7.01, we did not consider the *ABA Standards*, nor did we intend for the "in residence" provisions in Standard 304 of the *ABA Standards*, to apply to section 7.01.  While Regent's distance-learning program may fulfill all ABA requirements for accreditation, the program does not meet the "in residence" requirement of Supreme Court Rule 7, section 7.01.

## III.

In conclusion, we hold that: (1) the words "[i]n addition," as used in section 7.01, mean that the minimum credit hours required by that section must be earned over and above the credit hours required for obtaining the law degree from the applicant's foreign law school; and (2) the words "in residence," as used in section 7.01, mean "physically in residence" at an ABA-approved law school.  Accordingly, we affirm the Board's decision to deny Mr. Chong's application.  Costs of this appeal are taxed to Daniel Sungkook Chong and his surety, for which execution may issue if necessary.

_____
SHARON G. LEE, CHIEF JUSTICE

---

[4] As originally adopted, effective August 1, 2010, section 7.01 required the applicant to have earned a minimum of twenty-seven credit hours in-residence at an ABA-approved law school.  Effective September 1, 2011, the rule was amended to reduce the required number of hours to twenty-four.  Order, *In Re Amendment to Rule 7, Section 7.01*, No. M2011-01541-SC-RL2-RL (Tenn. July 21, 2011).