**Lamar FLETCHER, Petitioner/Appellant,**

v.

**BOARD OF PROFESSIONAL RESPONSIBILITY, and Lance B. Bracy, Respondents/Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 13, 1995.

Application for Permission to Appeal Denied by Supreme Court Jan. 29, 1996.

---

**5.** *Bervoets* and *Volz* are the only post-*McIntyre* cases in which an argument concerning the abo-

lition of joint and several liability was made and the issue squarely presented.

Lamar Fletcher, Henning, pro se.

Charles W. Burson, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Michael W. Catalano Associate Solicitor General, Office of the Attorney General, Nashville, for appellee.

## *OPINION*

TODD, Presiding Judge (Middle Section).

The captioned petitioner has appealed from the dismissal of his petition for certiorari for failure to state a claim for which relief can be granted. T.R.C.P. Rule 12.02(6).

Appellant presents a single issue as follows:

> Whether the lower court can misconstrue petitioner's intentions of the use of the writ of certiorari to be a request for appeal?

The judgment of the Trial Court contains the following:

> ... Rule 9 of the Supreme Court Rules contains no provision for appeal of a decision of the Board of Professional Responsibility to this Court by a person who has filed a complaint with the Board. The respondent's motion to dismiss on this basis is well taken and it is, hereby, GRANTED....

Appellant conceives that the use of the word, "appeal" instead of the word "review" in the judgment of the Trial Court renders the judgment of the Trial Court reversible because the petition was not an effort to appeal, but to obtain review. This Court respectfully disagrees. In some cases, certiorari has been recognized as a "substitute for appeal," however, in its broad mean-

ing, certiorari is a means of obtaining review, which is the object of appeal. Thus, in proper cases, the words, "certiorari" and "appeal" interchangeably, are not error. The word, "appeal" in the judgment of the Trial Court is interpreted in its broad meaning which is an effort to obtain review.

In this sense, the judgment of the Trial Court states correctly that Rule 9 of the Supreme Court provides for no appeal (means of obtaining review) of a decision of the Board of Professional Responsibility not to proceed against an accused attorney.

Nevertheless, the decision of the Trial Court is before this Court for review *de novo*, and this Court should decide whether the Trial Court reached the correct result rather than the correct use of words in the judgment.

■ A motion to dismiss for failure to state a claim for which relief can be granted admits the truth of all relevant and material averments of the complaint (petition), but asserts that such facts do not constitute a cause for complaint. *Shelby County v. King*, Tenn.1981, 620 S.W.2d 493; *Cornpropst v. Sloan*, Tenn.1975, 528 S.W.2d 188.

■ In scrutinizing a complaint (petition) in the face of a T.R.C.P. Rule 12.02(6) motion, the court should construe the complaint (petition) liberally in favor of the plaintiff (petitioner), taking all the allegations of fact therein as true; and should not dismiss the complaint (petition) unless it appears that the plaintiff (petitioner) can prove no set of facts in support of his claim (as stated in his petition) that would entitle him to relief. *Sullivant v. Americana Homes, Inc.*, Tenn. App.1980, 605 S.W.2d 246.

■ The failure to state a claim for which relief can be granted is determined from an examination of the complaint alone. *Wolcotts Fin. Serv., Inc. v. McReynolds*, Tenn. App.1990, 807 S.W.2d 708.

■ The substance of appellant's petition to the Trial Court is that he communicated to the defendants his allegations of misconduct by an attorney licensed by the Board of Professional Responsibility and that the defendants failed, or at least unreasonably delayed, to prosecute proceedings before and by the Board to discipline the attorney.

The Board of Professional Responsibility is the creature of the Supreme Court to which authority it is directly responsible. Rule 9, Rules of the Supreme Court.

Review of the actions of hearing committees of the Board is provided by Rule 9(1.3), as follows:

The respondent or the Board may have a review of the judgment of a hearing committee in the manner provided by T.C.A. § 27–9–101 et seq., except as otherwise provided herein. The review shall be on the transcript of the evidence before the hearing committee, its findings and judgment and upon such other proof as either party may desire to introduce. The trial judge shall weigh the evidence and determine the facts by the preponderance of the proof. Either party dissatisfied with the decree of the circuit or chancery court may prosecute an appeal direct to the Supreme Court where the cause shall be heard upon the transcript of the record from the circuit or chancery court, which shall include the transcript of evidence before the hearing committee. Prior decisions of this Court holding that appeal of disciplinary proceedings must be taken to the Court of Appeals because T.C.A. § 16–4–108 so requires are expressly overruled.

It is to be noted that only the Board and the respondent (accused attorney) is granted review in the courts. There is no provision for review upon application of the complaining party.

A careful scrutiny of Rule 9 fails to disclose any provision for review by any Trial Court of any failure to act by the Board or any of its employees upon application of the aggrieved person.

Rule 9(14) provides for suspension and disbarment *by the Supreme Court* of attorneys upon conviction of a serious crime.

Since the Board and all of its functions are the creation of the Supreme Court, the remainder of the judiciary are powerless to review action or inaction of the Board or its employees except as expressly authorized by

the Supreme Court. The Supreme Court has not conferred upon the Trial Court or this Court any power to review the failure or delay of the Board or its employees to perform any function in respect to the discipline of an attorney.

The petition for certiorari filed by appellant in the Trial Court does not state a claim for which relief can be granted. The judgment of the Trial Court is modified to render judgment against the petitioner for all Trial Court costs. As modified, said judgment is affirmed. Costs of this appeal are taxed against the petitioner-appellant. The cause is remanded to the Trial Court for any necessary further proceedings.

Modified, Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.