IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

# ROBERT L. BROWN v. BOARD OF PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 98-1215      Howell N. Peoples, Chancellor**

---

**No. E1999-02636-SC-R3-CV - Decided May 2, 2000**

---

This appeal arises from the refusal of the Board of Professional Responsibility to reduce the costs it assessed against an attorney pursuant to formal disciplinary proceedings. After having been assessed costs under Rule 9, § 24.3, Rules of the Supreme Court, Robert L. Brown, the respondent attorney, tendered the full amount of the assessed costs together with a petition for their reduction to the Board of Professional Responsibility. The Board denied the petition. Brown then filed a petition for the writ of certiorari in the chancery court to review the decision of the Board. Finding that it lacked jurisdiction, the chancery court dismissed Brown's petition. Brown then appealed to the Court of Appeals. The Court of Appeals transferred the cause to this Court under Rule 17, Rules of Appellate Procedure. We accepted transfer to determine whether the Board's denial of relief from costs is reviewable, and if so, by whom. We hold that the Supreme Court has the inherent and exclusive jurisdiction to review judgments of the Board. Here, however, because the Board has failed to provide a reviewable record, we must vacate the Board's order denying Brown relief from the assessed costs. The cause is remanded to the Board for proceedings consistent with the amendment to Rule 9, § 24.3, Rules of the Supreme Court, amended April 28, 2000, and attached as an appendix to this opinion.

**Tenn. R. App. P. 17 Transfer of Cases Appealed to the Wrong Court; Order of the Board of Professional Responsibility is Vacated and Remanded**

BIRCH, J., delivered the opinion of the court, in which ANDERSON, C.J., DROWOTA, BARKER, JJ., and BYERS, S.J., joined.

Shelby R. Grubbs, Chattanooga, Tennessee, and William P. Eiselstein, Chattanooga, Tennessee, for the petitioner/appellant, Robert L. Brown.

Laura L. Chastain, Nashville, Tennessee, for the defendant/appellee, Board of Professional Responsibility of the Supreme Court of Tennessee.

## OPINION

I

Rule 9, § 24.3,[1] Rules of the Supreme Court, essentially requires the Board of Professional Responsibility (Board) to assess against a respondent attorney upon whom sanctions are imposed all costs incurred as a result of formal disciplinary proceedings. Following such proceedings, and in accordance with the Rule, the Board assessed costs against Robert L. Brown, the respondent attorney in the case at bar, in the amount of $13,476.79.

Additionally, Rule 9, § 24.3 authorizes the Board to grant appropriate relief from the cost assessment. Accordingly, on July 10, 1998, Brown tendered to the Board the full amount of the assessed costs together with a petition for their reduction. By order entered September 17, 1998, the Board denied the petition. Brown then filed a petition for the writ of certiorari in the chancery court pursuant to Tenn. Code Ann. § 27-9-101[2] to review the decision of the Board denying him relief from costs. Finding that it lacked jurisdiction, the chancery court dismissed Brown's petition. Brown appealed to the Court of Appeals. The Court of Appeals, reasoning that appeals of disciplinary matters should properly be before the Supreme Court, transferred the cause to this Court as provided in Rule 17, Rules of Appellate Procedure.[3]

---

[1]Reimbursement of Costs. In the event that a judgment of disbarment, suspension, public censure, private reprimand, temporary suspension, disability inactive status, reinstatement or denial of reinstatement results from formal proceedings, the Board shall assess against the respondent attorney the costs of the proceedings, including court reporters expenses for appearances and transcription of all hearings and depositions, the expenses of the hearing committee in the hearing of the cause and the hourly charge of disciplinary counsel in investigating and prosecuting the matter. The Board may for good cause grant appropriate relief to the respondent attorney in assessing such costs.

The hourly charges of disciplinary counsel, on formal proceedings filed subsequent to this amendment, shall be assessed at $30.00 per hour for investigative time incurred prior to the filing of formal proceedings; and $80.00 per hour in connection with formal proceedings.

The hourly charges of disciplinary counsel, on formal proceedings filed prior to this amendment, shall be assessed at $20.00 per hour for investigative time; and $30.00 per hour for trial time.

Payment of the costs assessed by the Board pursuant to this rule shall be required as a condition precedent to reinstatement of the respondent attorney.

[2]Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have said order or judgment reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter.

[3]If a case is appealed to the Supreme Court, Court of Appeals, or Court of Criminal Appeals that should have been appealed to another court, the case shall be transferred to the proper court.

We accepted transfer to determine whether the Board's denial of relief from costs is reviewable and, if so, by whom. After full and careful consideration of the record and the authorities, we hold that the Supreme Court has the inherent and exclusive jurisdiction to review judgments of the Board. Here, however, because the Board has failed to provide a reviewable record, we must vacate the Board's order denying relief from the assessed costs. The cause is remanded to the Board for proceedings consistent with the amendment to Rule 9, § 24.3, Rules of the Supreme Court, amended April 28, 2000, attached as an appendix to this opinion.

II

The Board filed a petition for discipline against Brown alleging violations of several disciplinary rules occurring as a result of his conduct in a real estate transaction in which he was both a party and the closing attorney. The matter was referred to and considered by a Hearing Panel[4] pursuant to Rule 9, § 8.1, et seq., and the panel concluded that Brown had violated DR1-102(A)(4)[5] by engaging in misrepresentation.

Brown appealed the panel's judgment to the circuit court pursuant to Rule 9, § 1.3, Rules of the Supreme Court. Adopting most of the findings of the Hearing Panel, the circuit court accepted the panel's conclusion that Brown had commingled personal funds with trust or escrow funds in violation of DR9-102(A).[6] The circuit court expressly rejected, however, the panel's conclusion that Brown had violated DR1-102(A)(4). The panel recommended public censure or reprimand as Brown's sanction; the circuit court imposed public censure. Subsequently, the Board assessed,

---

[4]A Hearing Panel consists of three members of the hearing committee. Tenn. S. Ct. R. 9, § 6.4.

[5](A)  A lawyer shall not:

. . .

(4)  Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

[6](A) All funds of clients paid to a lawyer or law firm, including advances for costs and expenses, shall be deposited in one or more identifiable insured depository institutions maintained in the state in which the law office is situated.

For purposes of this rule, "insured depository institution"  shall mean an institution maintaining government insured depository accounts on which withdrawals or transfers can be made on demand, subject only to such notice period which the institution is required to observe by law or regulation. No funds belonging to the lawyer or law firm shall be deposited therein except as follows . . .

pursuant to Rule 9, § 24.3, Rules of the Supreme Court, costs against Brown in the amount of $13,476.79. This assessment was included in an order of enforcement entered by this Court.

Because Brown has accepted the circuit court's sanction, we recite only the facts necessary to resolve the costs issue. Thirty days after the entry of this Court's order of enforcement, Brown tendered the $13,476.79 and petitioned the Board for a reduction of costs. The petition included the following grounds:

> 1. Of the eight separate acts alleged in the petition for discipline as violations of the disciplinary rules, disciplinary counsel succeeded in proving none (emphasis in original);
>
> 2. Of the seven disciplinary rules Brown was alleged to have violated, the Board prevailed on only one, though on different grounds than first alleged;
>
> 3. Brown is the successful party in the litigation; and
>
> 4. Of the $13,476.79 assessed against Brown, almost sixty percent comprises fees to outside counsel engaged by the Board.

The Board responded to Brown's petition by entry of an order on September 17, 1998, summarily denying relief.[7]

On November 23, 1998, Brown filed, under the provisions of Tenn. Code Ann. § 27-9-101, et seq., a petition in the chancery court seeking review of the Board's refusal to reduce the assessed costs. The circuit court, agreeing with the Board's contention that it (the court) lacked subject matter jurisdiction, dismissed the petition. Brown timely sought review in the Court of Appeals. The Court of Appeals, however, transferred the case to this Court pursuant to the provisions of Rule 17, Rules of Appellate Procedure.

III

It is well settled and indisputable that the Supreme Court has the "inherent supervisory power to regulate the practice of law . . ." In re Burson, 909 S.W.2d 768, 773 (Tenn. 1995). In exercise of that power, the Supreme Court has promulgated Rule 9, Rules of the Supreme Court, which addresses the discipline of lawyers and the enforcement thereof. In Rule 9, § 1.3, the Supreme Court

---

[7]In the order denying relief, the Board assessed costs at $13,030.80--a difference of $445.99 from the original assessment. The basis for this difference is not stated in the record.

has specifically designated the extent to which the right to review a judgment provided in Tenn. Code Ann. § 27-9-101 is to be applied in the disciplinary context. Section 1.3 provides only that "[t]he respondent or the Board may have a review of the judgment of a hearing committee in the manner provided by T.C.A. § 27-901 et seq. . . ." Tenn. Sup. Ct. R. 9, § 1.3 (emphasis added). Thus, application of Tenn. Code Ann. § 27-9-101 in the disciplinary context is limited to chancery court review of the judgment of a hearing panel.

Moreover, the Board, its authority, and all of its functions are derived from the Supreme Court. Fletcher v. Board of Professional Responsibility, 915 S.W.2d 448, 450 (Tenn. Ct. App. 1995). As such, "the remainder of the judiciary are powerless to review action or inaction of the Board or its employees except as expressly authorized by the Supreme Court." Id. A lower court is only authorized to review a hearing committee's decision pursuant to Rule 9, § 1.3, Rules of the Supreme Court. Lower courts have not been granted the authority to review the Board's decision to assess the costs of the proceedings under Rule 9, § 24.3. Therefore, a trial court lacks authority to review the Board's decision regarding costs.

Even though Board decisions are not reviewable by the trial court, such decisions are, indeed, reviewable. The Board of Professional Responsibility is an agency of the Supreme Court. In re Youngblood, 895 S.W.2d 322, 325 (Tenn. 1995). As such, the Supreme Court has jurisdiction to review the actions of the Board. Id. This jurisdiction is "grounded in the Court's inherent power to review the actions of its boards, commissions, and other agencies." Id.[8] Under this inherent power, this Court has the exclusive authority to review the Board's assessment of costs under Rule 9, § 24.3.

The Board insists that even if Brown had the right to Supreme Court review of the Board's decision regarding costs, he has waived it. Waiver, the Board asserts, is supported by the following: (1) the issues of sanctions and the resulting costs are inextricably bound together by Rule 9, § 24.3, and, therefore, had Brown been dissatisfied with the assessed costs, he should have appealed the entire matter; (2) even if Brown had the right to Supreme Court review, the appeal was not timely filed; and (3) Brown should have objected to the costs assessed before this Court entered the Enforcement Order.

Upon careful review of the record, we find the Board's contentions to be without support. In his appeal of the hearing panel's judgment to the circuit court, Brown raised the costs issue.

---

[8]For example, in Belmont v. Board of Law Examiners, we reviewed the actions taken by another Court agency, the Board of Law Examiners. 511 S.W.2d 461 (Tenn. 1974). We reasoned that "the petition to review the action of the Board of Law Examiners in denying petitioner's request to take the examination for the fifth time is properly before this Court . . . [T]his Court has the inherent power to prescribe and administer rules pertaining to the licensing and admission of attorneys . . . It results, therefore, if this Court has the inherent and original power to prescribe rules, then this Court has the original power to review the action of the Board of Law Examiners in interpreting and applying them." Id. at 462.

Responding to Brown, the circuit court, in an order dated November 10, 1997, stated "the Motion of the petitioner as to the payment of costs in these proceedings is governed by Tennessee Supreme Court Rule 9, Section 24.3 and must be presented to the Board of Professional Responsibility."

Brown received similar instructions from Disciplinary Counsel. During the proceedings, the circuit court questioned Disciplinary Counsel about the expenses to be assessed against Brown. The following colloquy occurred:

> The Court: Ms. Chastain, can you send me a schedule of time and activity setting out what your claim is going to be for costs and expenses?
>
> Ms. Chastain: Your Honor, I can. That is not the policy of this office. I can make an exception if-
>
> The Court: How do you handle that?
>
> Ms. Chastain: What the usual policy is, when the Supreme Court enters its Final Orders it directs the Board to assess costs, and if I might address this matter.
>
> The Court: Okay.
>
> Ms. Chastain: I think that Mr. Brown is asking this Court to do something that is beyond the purview of this Court. If you look at the rule, Rule 9, Section 24.3, the Court has directed the Board of Professional Responsibility, and it says, "shall assess costs, and the Board may, for good cause, grant relief." In the situation that Mr. Brown finds himself, he may apply to the Board for relief and if he can show good cause to the Board, the Board, which is separate and apart from the Office of Disciplinary Counsel, in certain instances has granted relief, but Mr. Brown is asking this Court to preempt the directive of the Supreme Court to the Board when it tells the Board to assess these costs.

Thus, Brown's appeal to the Board concerning the assessed costs was in accordance with the order of the circuit court and the directions from Disciplinary Counsel. Therefore, from the record before us, we are unable to find any support for the Board's contention that Brown waived the right to appeal the costs.

Furthermore, even if Brown should have appealed the sanction as a method of contesting the assessed costs, the Board's delay in providing him with the precise bill of costs effectively prevented

exercise of this "option." Under Rule 9, § 1.3, an attorney may appeal the decree of a circuit or chancery court directly to this Court. Notice of this appeal is governed by Rule 4(a), Rules of Appellate Procedure, which requires a party to file his or her appeal within 30 days after the trial court entered judgment. In this case, the circuit court's order was entered on November 10, 1997. Brown did not receive an itemized bill of costs until May 26, 1998, more than six months after the circuit court entered judgment. By the time he learned of the amount of costs, the time for filing a notice of appeal under Rule 4(a), Rules of Appellate Procedure, had long expired. Therefore, Brown did not have the option to seek reduction of the assessed costs by appealing the underlying sanction. Accordingly, Brown has not waived the right to Supreme Court review of the Board's decision regarding costs.

IV

Because the Board has not furnished this Court with a reviewable record, we must vacate the Board's order denying Brown relief from the assessed costs. The cause is remanded to the Board for proceedings consistent with this opinion and the amendment to Rule 9, § 24.3, Rules of the Supreme Court, amended April 28, 2000, attached as an appendix to this opinion. Additionally, subsequent appeals from assessed costs shall be governed by Rule 9, § 24.3 as amended.

Costs of this appeal are assessed to the Board of Professional Responsibility.

APPENDIX

IN THE SUPREME COURT OF TENNESSEE

# IN RE:  AMENDMENT TO RULE 9, § 24.3
## RULES OF THE SUPREME COURT OF TENNESSEE

## ORDER

Rule 9, § 24.3, Rules of the Supreme Court, governing disciplinary enforcement, is amended by replacing it with the following:

In the event that a judgment of disbarment, suspension, public censure, private reprimand, temporary suspension, disability inactive status, reinstatement, or denial of reinstatement results from formal proceedings, the Board shall assess against the respondent attorney the costs of the proceedings, including court reporter's expenses for appearances and transcription of all hearings and depositions, the expenses of the hearing committee in the hearing of the cause, and the hourly charge of disciplinary counsel in investigating and prosecuting the matter.

The respondent attorney may petition the Board for relief from costs within thirty days of receipt of the final bill of costs or on the termination of any action upon which the disciplinary proceeding was based, whichever occurs last.  In seeking relief, the respondent attorney shall have the opportunity to appear and be heard before the Board or a duly constituted panel thereof.  Having conducted such a hearing, the Board shall file an order within thirty days; this order must include the basis for the Board's decision.  An order reflecting the decision shall be treated as a decree of the circuit or chancery court and, as such, is appealable to the Tennessee Supreme Court under Rule 9, § 1.3, Rules of the Supreme Court.

The hourly charges of disciplinary counsel, on formal proceedings filed subsequent to this amendment, shall be assessed at $30 per hour for investigative time incurred prior to the filing of formal proceedings and $80 per hour in connection with formal proceedings.

The hourly charges of disciplinary counsel, on formal proceedings filed prior to this amendment, shall be assessed at $20 per hour for investigative time and $30 per hour for trial time.

Payment of the costs assessed by the Board pursuant to this rule shall be required as a condition precedent to reinstatement of the respondent attorney.

PER CURIAM