# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

| | | |
|---|---|---|
| BRENDA L. LEE, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| | ) | Davidson Circuit |
| VS. | ) | No. 95C-2597 |
| | ) | |
| | ) | Appeal No. |
| HIPPODROME OLDSMOBILE, INC., | ) | 01A01-9705-CV-00202 |
| ROBERT E. McADAMS, | ) | |
| STEVE JACKSON, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE BARBARA N. HAYNES, JUDGE

For the Plaintiff/Appellant:

Jane J. Buffaloe
Nashville, Tennessee

For the Defendants /Appellees:

C. Dewey Branstetter, Jr.
Bryan E. Pieper
Branstetter, Kilgore, Stranch & Jennings
Nashville, Tennessee

# AFFIRMED IN PART; VACATED IN PART;
# AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal results from an employer's recruitment and subsequent termination of an at-will employee after only two weeks of work. The employee filed suit in the Circuit Court for Davidson County alleging breach of an implied employment contract, promissory fraud, and outrageous conduct. The trial court granted the employer's Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted, and the employee appealed. We vacate the order of dismissal because we have decided that the complaint states a claim for promissory fraud, albeit barely.

## I.

Hippodrome Oldsmobile, Inc. hired Brenda L. Lee as its Director of Finance in February 1995. Ms. Lee had held a similar position at another automobile dealership for five years and was induced to accept Hippodrome's job by offers of comparable salary, bonuses, and other benefits, as well as a promise of "long-term, permanent" employment. Ms. Lee began her new job on March 13, 1995, but on April 1, 1995, she was summarily terminated when Hippodrome's general sales manager informed her that her position had been eliminated.

On August 15, 1995, Ms. Lee sued Hippodrome and its owner, general manager, and general sales manager in the Circuit Court for Davidson County, alleging that their "fraudulent representations" had "fraudulently induced [her] to enter into a contract of employment with Hippodrome" and that this conduct was "outrageous and unlawful."[1] The defendants later filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss Ms. Lee's complaint for failure to state a claim upon which relief can be granted. On November 27, 1997, the trial court granted the motion and dismissed the complaint.

## II.

---

[1]Ms. Lee later agreed to dismiss her claims against the general sales manager.

A Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint, not the plaintiff's proof. *See Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994); *Coulter v. Hendricks*, 918 S.W.2d 424, 426 (Tenn. Ct. App. 1995). The basis for the motion is that the allegations in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law. *See Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996); *Fletcher v. Board of Prof'l Responsibility*, 915 S.W.2d 448, 450 (Tenn. Ct. App. 1995); *Wells v. Tennessee Bd. of Paroles*, 909 S.W.2d 826, 827 (Tenn. Ct. App. 1995).

In light of the liberal pleading standards of the Tennessee Rules of Civil Procedure, Tenn. R. Civ. P. 12.02(6) motions are rarely granted.[2] *See Kaylor v. Bradley*, 912 S.W.2d 728, 731 (Tenn. Ct. App. 1995); *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992). These liberal pleading standards apply to challenges to fraud claims. *See Dobbs v. Guenther*, 846 S.W.2d at 274. Thus, courts must take all the factual allegations as true and must construe the complaint liberally in favor of the plaintiff. *See Wallace v. National Bank of Commerce*, 938 S.W.2d 684, 689 n.1 (Tenn. 1996); *Fletcher v. Board of Prof'l Responsibility*, 915 S.W.2d at 450; *Axline v. Kutner*, 863 S.W.2d 421, 423 (Tenn. Ct. App. 1993). A plaintiff's claim should be dismissed for failure to state a claim only if it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Cook v. Spinnaker's of Rivergate*, 878 S.W.2d at 938; *Pemberton v. American Distilled Spirits Co.*, 664 S.W.2d 690, 691 (Tenn. 1984); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994).

The allegations in Ms. Lee's complaint state a claim for promissory fraud only. Promissory fraud requires: (1) an intentional misrepresentation of a material fact, (2) knowledge of the representation's falsity, (3) an injury caused by reasonable reliance on the representation, and (4) a promise of future action with no present intent to

---

[2]Tenn. R. Civ. P. 8.01 provides that "[a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment." Tenn. R. Civ. P. 1 states that the rules are to be construed to "secure the just, speedy and inexpensive determination of every action," and Tenn. R. Civ. P. 8.06 mandates that the pleadings be interpreted to "do substantial justice."

perform. *See Dobbs v. Guenther*, 846 S.W.2d at 274; *Oak Ridge Precision Indus., Inc. v. First Tennessee Bank Nat'l Ass'n*, 835 S.W.2d 25, 29 (Tenn. Ct. App. 1992). Ms. Lee's complaint alleges that Hippodrome's promise of "long-term, permanent" employment was a "fraudulent misrepresentation" and "fraudulently induced" her to enter into an employment contract with Hippodrome. These allegations are minimally sufficient to state a claim for promissory fraud. Ms. Lee did not have to specifically allege that the defendants had no intention of keeping their promise. Her allegations that the promise of long-term future employment was a fraudulent misrepresentation were adequate to give the defendants fair notice of the nature of the claim against them.

Our decision should not be construed as carving out an exception to the employment at will doctrine. Ms. Lee has no contractual claim based on the oral promise of long-term employment. *See Combs v. Standard Oil Co.,* 166 Tenn. 88, 90-92, 59 S.W.2d 525, 526-27 (1933); *Price v. Mercury Supply Co.,* 682 S.W.2d 924, 934 (Tenn. Ct. App. 1984). By allowing Ms. Lee's claim for promissory fraud, we are imposing liability only when an employer makes an offer of long-term, permanent employment with no present intention of keeping its promises.

## III.

Ms. Lee's remaining claims of breach of an implied employment contract and outrageous conduct were rightfully dismissed because they fail to state a claim in light of Tennessee's employment at will doctrine. Accordingly, we vacate the dismissal of Ms. Lee's claim for promissory fraud and affirm the dismissal of the remaining claims. We also tax the costs of this appeal to Hippodrome Oldsmobile, Inc. for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____

-4-

HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____

WALTER W. BUSSART, JUDGE