# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

## IN RE:  KATHLEEN L. CALDWELL, BPR #9916

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-08-0229-1**[1]     **Walter L. Evans, Chancellor**

---

**No. M2008-00262-SC-BPR-BP** - Filed June 19, 2008

---

In this appeal, we consider whether the trial court erred in staying a disciplinary proceeding pending before a hearing panel of the Board of Professional Responsibility.  We hold that the trial court lacked jurisdiction to stay the disciplinary proceeding.  Accordingly, we reverse the stay order issued by the trial court, and we dismiss the respondent's motion for a stay.

**Order of the Chancery Court Reversed and Trial Court Proceeding Dismissed.**

JANICE M. HOLDER, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and CORNELIA A. CLARK, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined.

Sandra Jane Leach Garrett, Deputy Chief Disciplinary Counsel, Nashville, Tennessee, for the movant, Board of Professional Responsibility of the Supreme Court of Tennessee.

Samuel J. Muldavin, Memphis, Tennessee, for the respondent, Kathleen L. Caldwell.

## OPINION

### SUMMARY OF FACTS & PROCEEDINGS BELOW

In March 2005, Disciplinary Counsel, on behalf of the Board of Professional Responsibility ("BPR"), filed a petition for discipline against Kathleen L. Caldwell ("Caldwell").  Disciplinary Counsel filed "supplemental" petitions for discipline against Caldwell in September 2005 and in March 2006.  In October 2007, Disciplinary Counsel and Caldwell agreed to set the disciplinary proceeding for hearing by a hearing panel on February 11-13, 2008.

On January 31, 2008, Caldwell's attorney forwarded a letter by telefax to Disciplinary Counsel asking that the hearing be continued.  Caldwell's attorney stated in his letter that Caldwell

---

[1] Although this case originated in a Board of Professional Responsibility disciplinary proceeding, the parties have appealed from a ruling of the Shelby County Chancery Court.  Accordingly, we have referenced the docket number assigned in the Chancery Court.  The BPR docket number for this case is BOPR No. 2005P-1498-9-LC.

was engaged in a lengthy trial in federal district court and did not expect to be finished with that trial by February 11. Caldwell's request for a continuance was considered by the hearing panel in a telephone conference call with Disciplinary Counsel and Caldwell's attorney. During that conference call, Disciplinary Counsel objected to a continuance on the grounds that Caldwell had been granted two previous continuances and that Disciplinary Counsel already had subpoenaed seven witnesses for the hearing. After hearing the parties' arguments, the hearing panel entered an order denying Caldwell's request for a continuance.

On February 5, 2008, Caldwell's attorney filed a document entitled "Motion of Respondent for Stay and Continuance of Disciplinary Panel Hearing" in the Chancery Court for Shelby County. The motion requested the chancery court to stay the pending disciplinary proceeding on the ground that Caldwell was engaged in a federal jury trial and therefore could not attend the disciplinary hearing. On February 5, 2008, the chancery court conducted a telephonic hearing on the motion in which both Disciplinary Counsel and Caldwell's attorney participated. During the hearing, the chancellor contacted U.S. District Court Judge Jon P. McCalla concerning the pending jury trial in his court. Judge McCalla confirmed that the federal jury trial likely would not be completed by February 11, 2008, the date the disciplinary hearing was scheduled to commence. At the conclusion of the hearing, the chancery court granted Caldwell's motion and entered an order staying the disciplinary proceeding "pending further orders of this Court."

On February 6, 2008, Disciplinary Counsel filed in this Court an "Emergency Motion to Lift Stay" asking the Court to lift the stay entered by the chancery court. Caldwell's attorney subsequently filed a response to the motion to lift the stay. On February 14, 2008, we entered an order directing the parties to submit supplemental briefs addressing the jurisdictional basis for a state trial court to consider an interlocutory appeal from a BPR disciplinary proceeding.[2] The parties filed their supplemental briefs on the jurisdictional issue, and we now consider that issue on the merits.

ANALYSIS

Disciplinary proceedings against lawyers licensed in Tennessee are governed by Rule 9 of the Rules of the Tennessee Supreme Court. When a complaint is filed alleging misconduct by a Tennessee lawyer, the matter is first investigated by the office of Disciplinary Counsel. See Tenn. R. Sup. Ct. 9, § 8.1 (2007). Upon the conclusion of Disciplinary Counsel's investigation, Disciplinary Counsel may recommend: (1) dismissal of the complaint; (2) an informal admonition; (3) a private reprimand; (4) a public censure of the attorney concerned; or (5) prosecution of formal charges before a hearing panel. Id. A formal disciplinary proceeding before a hearing panel is instituted by a petition filed by Disciplinary Counsel against the respondent-attorney ("respondent"), including clear and specific allegations of misconduct. Tenn. R. Sup. Ct. 9, § 8.2 (2007). The respondent is required to file an answer to the petition. Id. If the pleadings raise any issues of fact

---

[2] Our order directing the filing of supplemental briefs was not filed until after the scheduled date of the disciplinary hearing. One therefore might conclude that the motion to lift the stay had become moot. It should be noted, however, that the disciplinary proceeding was stayed by the chancery court "pending further orders of [that] Court." Because the chancery court purported to retain jurisdiction over the disciplinary proceeding, the motion to lift the stay was not rendered moot when the date set for the disciplinary hearing had passed.

or if the respondent requests an opportunity to be heard, the hearing panel sets the matter for a hearing.  Id.  If the panel finds at the conclusion of the hearing that the respondent has committed misconduct, the panel's judgment specifies the type of discipline to be imposed.  Tenn. R. Sup. Ct. 9, § 8.4 (2007).  Rule 9, section 1.3, permits either the respondent or Disciplinary Counsel to seek judicial review of the hearing panel's judgment "in the manner provided by T.C.A. § 27-9-101 et seq., except as otherwise provided herein."  Tenn. R. Sup. Ct. 9, § 1.3 (2007).

The pending case involves a purported "interlocutory appeal" of the hearing panel's pre-trial denial of Caldwell's "motion" for a continuance of the hearing.  The dispositive issue before the Court is whether the trial court had jurisdiction over an interlocutory ruling of a BPR hearing panel. We begin our analysis by noting that "the Board, its authority, and all of its functions are derived from the Supreme Court" and that "'the remainder of the judiciary are powerless to review action or inaction of the Board or its employees except as expressly authorized by the Supreme Court.'" Brown v. Bd. of Prof'l Responsibility, 29 S.W.3d 445, 449 (2000) (quoting Fletcher v. Bd. of Prof'l Responsibility, 915 S.W.2d 448, 450-51 (Tenn. Ct. App. 1995)).  As previously discussed, this Court has granted to trial courts jurisdiction to hear appeals from hearing panels' "judgment[s]." Tenn. R. Sup. Ct. 9, § 1.3.  But neither Rule 9, section 1.3, nor any other provision of Rule 9 expressly authorizes interlocutory appeals of matters pending before a hearing panel.  Because this Court has not expressly empowered trial courts to hear interlocutory appeals of hearing panel rulings, we must conclude that the trial court lacked jurisdiction to hear the appeal in this case.[3]  Accordingly, we reverse the stay order entered by the trial court and dismiss Caldwell's motion filed in the trial court.

Caldwell argues that Rule 9, governing interlocutory appeals by permission from the trial court, or Rule 10, governing extraordinary appeals by permission on original application in the appellate court, of the Tennessee Rules of Appellate Procedure conferred jurisdiction on the trial court to consider her motion for a stay.  This argument, however, is without merit.  Rule 1 of the Rules of Appellate Procedure states, in pertinent part, "These rules shall govern procedure in proceedings before the Supreme Court, Court of Appeals, and Court of Criminal Appeals."  Tenn. R. App. P. 1 (2007).  Consequently, neither Rule 9 nor Rule 10 applies to Caldwell's proceeding in the chancery court.

Notwithstanding our holding, we are somewhat puzzled as to why the hearing panel denied Caldwell's request for a continuance.  It is undisputed that Caldwell was involved in an ongoing federal jury trial, and she obviously could not be in two places at the same time.  While the members of the hearing panel may have been displeased with Caldwell's action in agreeing to set the disciplinary proceeding for hearing on February 11-13, 2008, knowing her federal jury trial also was set at the same time, it seems that there was no alternative to granting a continuance of the disciplinary hearing.  We are even more puzzled why Caldwell failed to disclose to Disciplinary Counsel and the hearing panel in October 2007, when the disciplinary proceeding was set for hearing in February 2008, that she had a possible conflict with that date due to the setting of her federal jury

---

[3] The parties do not argue, and we do not consider, whether the common-law writ of certiorari is available to review the hearing panel's order denying the requested continuance.  Tennessee Code Annotated section 27-8-101 (2000) provides that the common-law writ of certiorari is available where the inferior tribunal "has exceeded the jurisdiction conferred, or is acting illegally."

trial. It was imprudent, to say the least, for her to schedule two conflicting trials over the same period, even if she believed the federal case might be settled or the jury trial might be postponed.[4] We direct that the hearing panel set this matter for hearing on the earliest, mutually available date(s), and we further direct that Caldwell subsequently not schedule any conflicting matters for those dates.

The costs are taxed to Kathleen L. Caldwell, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

---

[4] A lawyer who agrees to set conflicting dates for two different trials invites the wrath of at least one tribunal, if not both, in the event both cases proceed to trial.