IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 5, 2026

## ROBERT-HENRY BUTTS IV v. JACOB BERTI

**Appeal from the Circuit Court for Wilson County**
**No. 2024-CV-742   Michael Wayne Collins, Judge**

_____

## No. M2025-00177-COA-R3-CV

_____

Plaintiff appeals the dismissal of his claim for false imprisonment based on the expiration of the applicable statute of limitations. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., C.J., and KRISTI M. DAVIS, J., joined.

Robert-Henry Butts, IV, Madison, Tennessee, Pro se.

Robert M. Burns and McKenna G. Williams, Nashville, Tennessee, for the appellee, Jacob Berti.

## MEMORADUM OPINION[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

---

[1]     Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On November 12, 2024, Plaintiff/Appellant Robert Henry Butts ("Appellant") filed a sworn pro se complaint in the Wilson County Circuit Court ("the trial court") against Defendant/Appellee Jacob Berti ("Appellee"). The complaint alleged that on November 1, 2022, Appellant was traveling on foot to enter a restaurant when Appellee, acting as a police officer, detained Appellant, searched his person, and placed him in handcuffs. Appellant alleged that Appellee interrogated him, delaying his presentation to a magistrate; Appellee then informed Appellant that he was wanted for an arrest warrant out of Bradley County, which Appellant asserted was false, as the only arrest warrant for Appellant was from Georgia. Appellant further alleged that Appellee did not have any warrant in his actual possession and had neither "proper geographical jurisdiction" nor subject matter jurisdiction to arrest Appellant. Appellant also alleged that Appellee stated falsely in his report that Appellant committed a traffic violation. Appellant was later booked into the Wilson County jail on that same day. Appellant therefore asserted that Appellee violated his due process rights and was liable for three counts of false imprisonment, as well as assault and battery. Appellant alleged that he suffered both physical injuries and reputational damage as a result of the false imprisonment, and sought $10,000.00 in damages, as well as that he "be restored immediately by release from the unlawful confinement of the Wilson County Jail." Appellant later clarified that he was suing Appellee in his individual capacity.

Appellee responded by filing a motion to dismiss the complaint on the ground that Appellant failed to state a claim upon which relief may be granted, arguing that the applicable statute of limitations had expired. In his accompanying memorandum, Appellee argued that Appellant's complaint was subject to a one-year statute of limitations and that Appellant's complaint, filed more than one year after his arrest, was untimely. Appellee asked that the motion to dismiss be granted and that he be awarded attorney's fees under Tennessee Code Annotated section 20-12-119(c)(1).

Appellant responded in opposition on January 3, 2024. Therein, he asserted that the statute of limitations for a claim of false imprisonment "does not begin to run until the imprisonment ends[,]" citing *Lovell vs. Warren County Tennessee*, No. M2019-00582-COA-R3-CV, 2019 WL 6842380 (Tenn. Ct. App. Dec. 16, 2019). Appellant therefore asserted that his claim was not time-barred.

In his reply, Appellee conceded that Appellant filed his complaint prior to his release from incarceration. Appellee noted that in connection with his arrest, Appellant was charged with six criminal charges.[2] According to the documents attached to Appellee's reply, on December 3, 2024, Appellant pleaded guilty to unlawful possession of a weapon by a convicted felon and possession of marijuana with intent, but the remaining four

---

[2] The charges included: (1) two charges for violation of an order of protection; (2) possession of a weapon by a convicted felon; (3) possession of a weapon while subject to an order of protection; (4) possession with intent of a schedule VI drug; and (5) driving on a revoked driver's license.

charges were nolle prosequi. Appellee further noted that Appellant received a fully probated sentence and was released following his plea. Appellee highlighted that Appellant failed to address the statute of limitations argument as it related to his assault and battery claim.

On January 22, 2025, the trial court entered an order concluding that the applicable statute of limitations for Appellant's claims had expired and that his complaint should be dismissed.[3] Appellant thereafter timely appealed to this Court.

## II. Issue Presented

Appellant raises a host of issues in his brief, however, we have determined that this appeal presents a single dispositive issue: whether the trial court erred in dismissing Appellant's claim for false imprisonment as time-barred under the applicable statute of limitations.[4]

## III. Standard of Review

In this case, Appellee filed a motion to dismiss based on the expiration of the statute of limitations, which the trial court granted. As the Tennessee Supreme Court has explained,

> A [Tennessee Civil Procedure] Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. A defendant who files a motion to

---

[3] The trial court's order did not rule on Appellee's request for attorney's fees. The statute at issue provides as follows:

> An award of costs pursuant to this subsection (c) shall be made only after all appeals of the issue of the granting of the motion to dismiss have been exhausted and if the final outcome is the granting of the motion to dismiss. The award of costs and attorneys' fees pursuant to this section shall be stayed until a final decision which is not subject to appeal is rendered.

Tenn. Code Ann. § 20-12-119(c)(3).

[4] In his complaint, Appellant also raised a claim for assault and battery. However, he did not respond to Appellee's motion to dismiss as to this claim and does not address this claim on appeal. As such, it appears that this claim has been abandoned.

We recognize that Appellant is proceeding pro se in this appeal, as he did in the trial court. "The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs." **Hessmer v. Hessmer**, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). However, it is well settled that, "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, . . . [p]ro se litigants must comply with the same substantive and procedural law to which represented parties must adhere." **Chiozza v. Chiozza**, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (citing **Hodges v. Tenn. Att'y Gen.**, 43 S.W.3d 918, 920–21 (Tenn. Ct. App. 2000)).

dismiss admits the truth of all of the relevant and material allegations contained in the complaint, but asserts that the allegations fail to establish a cause of action.

In considering a motion to dismiss, courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. A trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. We review the trial court's legal conclusions regarding the adequacy of the complaint de novo.

*Webb v. Nashville Area Habitat for Human., Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (internal quotation marks, alterations, and citations omitted).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, however, if the trial court considers matters outside the pleadings, the motion to dismiss will be converted to a motion for summary judgment. *See* Tenn. R. Civ. P. 12.02. ("If, on a motion asserting the defense [of] failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment[.]"). Summary judgment is generally granted "only when the moving party can demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. Like a motion to dismiss, determining whether to grant or deny a motion for summary judgment is a matter of law; our standard of review is therefore de novo, with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015).

Appellee submitted outside materials in support of his motion for summary judgment. It is unclear, however, whether the trial court considered or excluded those matters in reaching its decision.[5] Regardless, we conclude that under either standard, the trial court's decision must be reversed.

## IV. ANALYSIS

The parties do not dispute that Appellant's claim for false imprisonment is subject to the one-year statute of limitations found in Tennessee Code Annotated section 28-3-104(a)(1)(A). According to that statute, an action for false imprisonment "shall be

---

[5] The trial court appeared to rely heavily on the fact that Appellant's imprisonment ended with a guilty plea to some charges during the oral argument in this matter—a matter outside the pleadings. However, the transcript from the oral argument was not incorporated into the trial court's final order. *See In re Adoption of E.N.R.*, 42 S.W.3d 26, 31 (Tenn. 2001) ("[T]he court speaks through its order, not through the transcript."). The written order in this case stated nothing more than that "applicable statute of limitations period for [Appellant's] claims has expired."

commenced within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(1)(A). The viability of Appellant's claim therefore turns on the question of when his cause of action accrued. Appellee asserts that the cause of action accrued on the date of Appellant's arrest, citing **Gray v. 26th Judicial Drug Task Force**, No. 02A01-9609-CV-00218, 1997 WL 379141, at *2 (Tenn. Ct. App. July 8, 1997). Because the complaint was filed more than a year later, Appellee asserts that the claim is time-barred. Appellant contends that the cause of action accrued when he was released from imprisonment, again citing **Lovell v. Warren County**. Using this accrual date, there can be no dispute that his claim was timely. We will therefore consider each decision in turn.

In **Gray**, the plaintiff sued the defendants for false arrest, false imprisonment, and malicious prosecution. 1997 WL 379141, at *1. We treated the plaintiff's claims for false arrest and false imprisonment as indivisible and applied the accrual date for claims of false arrest—the date of arrest. **Id.** at *2 (citing **McCune v. City of Grand Rapids**, 842 F.2d 903, 906 (6th Cir. 1988) (holding that "appellant's claim of wrongful continued incarceration constitutes an ill effect from his false arrest" and was therefore not "independently actionable")).

In **Lovell**, however, we were faced with a claim of false imprisonment that was not accompanied by claim of false arrest. 2019 WL 6842380, at *2. We first looked to a United States Supreme Court opinion that was issued after the decisions in **Gray** and **McCune**, which explained as follows:

> The running of the statute of limitations on false imprisonment is subject to a distinctive rule—dictated, perhaps, by the reality that the victim may not be able to sue while he is still imprisoned: "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." 2 H. Wood, *Limitation of Actions* § 187d(4), p. 878 (rev. 4th ed. 1916); *see also* 4 *Restatement (Second) of Torts* § 899, Comment c (1977); A. Underhill, *Principles of Law of Torts* 202 (1881).

**Lovell**, 2019 WL 6842380, at *2 (quoting **Wallace v. Kato**, 549 U.S. 384, 389 (2007)). As the **Lovell** court explained, therefore, "to determine the beginning of the limitations period in this case, we must determine when petitioner's false imprisonment came to an end." **Id.** (citing **Wallace**, 549 U.S. at 389); *see also Restatement (Second) of Torts* § 899 (1979) (stating that statute of limitations for false imprisonment, "begins to run only when the imprisonment ends, since the period of imprisonment is treated as a unit").

In adopting the end of incarceration as the proper accrual date for a stand-alone claim of false imprisonment, we relied on notions of fairness and justice to "an individual who is confined in a house or other location, where there is no access to the courts until the imprisonment ends." **Id.** at *3. As we explained, "[i]f we were to base the accrual date for false imprisonment claims on the date the imprisonment begins, the imprisoned person who

is confined for more than a year with no access to the courts would be denied the right to assert a claim at all." *Id.* But the purpose of the statute of limitations is to "promote fairness and justice." *Id.* (quoting *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 456 (Tenn. 2012)). Accordingly,

> If we held that the statute of limitations for false imprisonment begins to run on the date the imprisonment or confinement begins, a plaintiff may be denied the opportunity to file an action for false imprisonment due to circumstances beyond his or her control. We would not be promoting fairness and justice, and the statute of limitations would be wielded as a sword rather than as a shield, contrary to the dictates of *Redwing*.

*Id.* We therefore held that "a false imprisonment cause of action does not accrue, and the statute of limitations does not begin to run, until the termination of the imprisonment alleged."[6] *Id.*

In this case, Appellant has not alleged a claim for false arrest, only a claim for false imprisonment. As a result, *Lovell* is far more analogous to this case than *Gray*. Moreover, *Lovell* appears to appropriately consider not only United States Supreme Court precedent, but also the policy considerations inherent in the application of the statute of limitations.

Appellee does not dispute the persuasive value of *Lovell* or *Wallace* in an appropriate case. Instead, he argues that this case is not analogous because Appellant eventually pleaded guilty to some of the charges that he was imprisoned for. As Appellee explained in his brief:

> [Appellee] does not disagree with [Appellant] regarding the accrual of claims cited in [*Lovell* and *Wallace*]. However, it is important to distinguish the difference between *dismissed* charges and charges that eventually led to a guilty plea. In [Appellant's] case, the charges against

---

[6] We note that the United States Supreme Court adopted a somewhat less bright-line rule regarding the accrual date for a claim of false imprisonment, focusing not just on the end of the imprisonment, but on the date that the plaintiff becomes imprisoned pursuant to process: "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389. The *Lovell* court did not cite this portion of *Wallace* and did not consider the date that the plaintiff in that case was held pursuant to process, only the date that plaintiff's imprisonment ended. Indeed, the policy reasons for adopting the rule in *Lovell* seem to undermine the use of any date earlier than the plaintiff's release from imprisonment. *See Lovell*, 2019 WL 6842380, at *3.

Appellee in this case also does not cite this portion of *Wallace* or argue that this is the date that this Court should consider for purposes of this appeal. Moreover, Appellee does not point to any proof in the record of when Appellant was bound over or arraigned on his charges. *See Carr v. Borchers*, 815 S.W.2d 528, 532 (Tenn. Ct. App. 1991) (holding that burden of establishing the expiration of the statute of limitations is on the defendant). So we decline to apply this rule in this appeal.

[Appellant] that followed his arrest were not dismissed. He accepted a plea deal where he pled guilty to two of the charges. The district attorney designated the remaining charges as "Nolle Prosequi" as a condition of the [Appellant's] plea deal. [Appellant] was released from jail after his guilty plea was entered. [Appellant's] criminal charges were not dismissed, and if he is allowed to claim that his imprisonment was unlawful for those charges that were ultimately designated as *nolle prosequi*, then the exposure to liability will render plea agreements essentially noneffective.

Respectfully, we cannot agree.

In this case, Appellee filed his motion to dismiss solely on the basis of the expiration of the applicable statute of limitations. The expiration of the statute of limitations is an affirmative defense under the Tennessee Rules of Civil Procedure. *See Pratcher v. Methodist Healthcare Memphis Hosps.*, 407 S.W.3d 727, 735 (Tenn. 2013) (citing Tenn. R. Civ. P. 8.03). Generally, a motion to dismiss based on an affirmative defense "admits the truth of the averments of the complaint, but states that for some other reason the defendant is not liable." *State ex rel. Slatery v. Witherspoon L. Grp. PLLC*, 700 S.W.3d 370, 392 (Tenn. Ct. App. 2022) (quoting the trial court); *see also Fletcher v. Bd. of Pro. Resp.*, 915 S.W.2d 448, 450 (Tenn. Ct. App. 1995) ("A motion to dismiss for failure to state a claim for which relief can be granted admits the truth of all relevant and material averments of the complaint (petition), but asserts that such facts do not constitute a cause for complaint.").

Moreover, the statute of limitations defense has typically been described as divorced from the underlying merits of the cause of action. *See Mynatt v. Nat'l Treasury Emps. Union, Chapter 39*, 669 S.W.3d 741, 749 (Tenn. 2023) ("We explained that a judgment based on a successful statute of limitations defense was procedural in nature and not a reflection on the merits of the underlying case." (citing *Parrish v. Marquis*, 172 S.W.3d 526, 532 (Tenn. 2005), *overruled on other grounds by Himmelfarb v. Allain*, 380 S.W.3d 35 (Tenn. 2012))). Indeed, "[a] trial court does not consider the merits of a case when a case is dismissed on procedural grounds," such as the statute of limitations. *Himmelfarb*, 380 S.W.3d at 41 (Tenn. 2012) (citing *Parrish*, 172 S.W.3d at 532). As a result, "[a] successful statute of limitations defense does not reflect on the merits of an action." *Parrish*, 172 S.W.3d at 532 (quoting *Palmer Dev. Corp. v. Gordon*, 1999 ME 22, ¶ 11, 723 A.2d 881, 884); *see also Lackner v. LaCroix*, 25 Cal. 3d 747, 751–52, 602 P.2d 393, 395 (1979) ("[T]he purpose served by dismissal on limitations grounds is in no way dependent on nor reflective of the merits or lack thereof in the underlying action.").

Whether Appellant's imprisonment was lawful or unlawful given his later guilty plea to some of the charges goes to the merits of his claim. *See Newsom v. Thalhimer Bros., Inc.*, 901 S.W.2d 365, 367 (Tenn. Ct. App. 1994) ("The elements of the tort of false imprisonment are (1) the detention or restraint of one against his will and (2) the

unlawfulness of such detention or restraint."). But Appellee has cited no authority to suggest that the ultimate success or failure of Appellant's claim affects the accrual date of his action for purposes of the statute of limitations. Indeed, we have specifically held the opposite in a case where the "extremely disturbing and serious aspects of the plaintiffs' allegations" were not sufficient to alter the clear application of the statute of limitations. *Clifton v. Bass*, 908 S.W.2d 205, 210–11 (Tenn. Ct. App. 1995) (noting that while "[i]t is difficult to divorce the merits of the case from the issue of the statute of limitations," the court was required to do so). If Appellee believed that Appellant's claim should have been dismissed on the merits because the imprisonment was lawful, as he argues in his brief, he was free to file a motion for summary judgment on that basis. But he did not do so.

In sum, we conclude that Appellant's claim for false imprisonment did not accrue more than one year prior to the filing of his lawsuit. The trial court therefore erred in dismissing Appellant's claim for false imprisonment as being barred by the applicable statute of limitations. All other issues are pretermitted.

## V. CONCLUSION

The judgment of the Wilson County Circuit Court is reversed, and this cause is remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellee, Jacob Berti, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

- 8 -