# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 10, 2013 Session

## STATE OF TENNESSEE EX REL., HERBERT S. MONCIER ET AL. v. NANCY S. JONES ET AL.

### Appeal from the Chancery Court for Davidson County
### No. 11962      Carol L. McCoy, Chancellor

---

### No. M2012-00778-COA-R3-CV - Filed June 6, 2013

---

Petitioner appeals the dismissal of his complaint, which asserted numerous claims relating, *inter alia*, to the practice monitor condition of his suspension from the practice of law. The trial court dismissed the complaint finding the defendants in the action were immune under either sovereign immunity, judicial immunity, quasi-judicial quasi-prosecutorial immunity, qualified immunity, or Tennessee Supreme Court Rule 9, Section 27 immunity. The trial court further found that the action was a collateral attack on the ruling by the Tennessee Supreme Court regarding Petitioner's suspension; thus, it did not have subject matter jurisdiction to rule on matters in the disciplinary proceedings. We affirm the trial court's ruling on all claims except for the Public Records Act, which we remand to the trial court for a determination of whether the records requested are subject to inspection and whether they have in fact been made available for inspection.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part, Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Herbert S. Moncier, Knoxville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, William E. Young, Solicitor General, Talmage M. Watts, Assistant Attorney General, and Janet Irene M. Kleinfelter, Nashville, Tennessee, for the appellees, Nancy S. Jones, Board of Professional Responsibility, Leda Hollabaugh, Clarence Halmon, State of Tennessee, Harry P. Ogden, John S. Hicks, and Baker, Donelson, Bearman, Caldwell & Berkowtitz, P.C.

**OPINION**

This case arises from a disciplinary action against attorney Herbert S. Moncier commenced on July 30, 2008, which resulted in his suspension from the practice of law for eleven months and twenty-nine days pursuant to an Order of Enforcement issued by the Supreme Court on June 1, 2011, effective June 11, 2011. The suspension consisted of a forty-five day full suspension followed by a conditional suspension for ten and a half months during which time Mr. Moncier's practice would be monitored.

This appeal derives from a Complaint and Application for a temporary restraining order filed by Herbert S. Moncier, both individually and in the name of the State of Tennessee on relation of Herbert S. Moncier (hereinafter "Mr. Moncier") against Nancy Jones; the Board of Professional Responsibility; the State of Tennessee judiciary; Harry P. Ogden and John S. Hicks, who were appointed practice monitors over Mr. Moncier's office during different periods of his probation; and the law firm of Baker, Donelson, Bearman, Caldwell, and Berkowitz, P.C., which had been appointed to provide practice monitors during the probationary period (collectively "Defendants").[1]

In the complaint filed on July 20, 2011, Mr. Moncier challenged the disciplinary proceedings and sought to enjoin his suspension. Ms. Jones and the Board filed a Response in Opposition on July 21, 2011.[2] The trial court did not enter a temporary restraining order, but entered an order setting the date for a hearing on the matter. Mr. Moncier filed an Amended and Supplemental Complaint and Application for Temporary Restraining Order on August 9, 2011, following which the Board filed a Response in Opposition with exhibits

---

[1]This court heard oral arguments in three related cases involving Mr. Moncier's suspension. One is *Herbert S. Moncier v. Bd. of Prof'l Responsibility*, No. M2012-00779-COA-R3-CV, 2013 WL ____ (June __, 2013); the other is *State ex rel. Herbert S. Moncier, et al., v. Nancy S. Jones, et al.*, No. M2012-01429-COA-R3-CV, 2013 WL __ (June__, 2013).

[2]Mr. Moncier also challenged the suspension via a Petition for Judicial Review filed with the Circuit Court for Knox County. Following a hearing, the circuit court affirmed in part and reversed in part the disciplinary hearing panel's decision and remanded to the panel for reconsideration. In December 2010, the Tennessee Supreme Court issued an opinion in *Bd. of Prof'l Responsibility v. Cawood*, 330 S.W.3d 608, 608-09 (Tenn. 2010), that held a petition for judicial review of a hearing panel judgment, in order to confer jurisdiction upon a chancery court or circuit court must be sworn and state that it is the "first application for writ." In light of this opinion, the Board of Professional Responsibility filed a motion for the Knox County Circuit Court to reconsider its previous opinion. In February 2011, the circuit court entered an order granting the Board's motion, ruling that the appeal was a nullity, and stating that the court never had jurisdiction. As a result, the Judgment of the Hearing Panel was reinstated and Mr. Moncier had no further opportunity for appeal to a trial court pursuant to Tennessee Supreme Court Rule 9, § 1.3.

and the affidavit of Ms. Jones, and notice of supplemental authority. Mr. Moncier subsequently filed several affidavits in support of his Application for a temporary injunction.

Following a hearing on August 11, 2011, the trial court denied the application for a temporary restraining order and dismissed the action sua sponte finding that all Defendants were immune from suit. In an Order entered on September 8, 2011, which incorporated the transcript of its bench ruling and dismissed all claims, the trial court found that Defendants had either sovereign immunity, judicial immunity, quasi-judicial immunity quasi-prosecutorial immunity, qualified immunity, and/or Tennessee Supreme Court Rule 9, Section 27 immunity. The trial court further found that the claims were a collateral attack on the ruling by the Supreme Court; that the right to practice law was a privilege and not a right; that during his probation, Mr. Moncier's right to practice law was governed by the Order of the Supreme Court dated June 1, 2011; and that the trial court did not have subject matter jurisdiction over Mr. Moncier's disciplinary proceedings.

On October 6, 2011, Mr. Moncier filed Motions for Post-Judgment Relief. On October 10, 2011, Mr. Moncier filed a Motion to Amend and Supplement the Complaint and Second Amended and Supplemental Complaint. On January 23, 2012, Mr. Moncier filed a Motion to Supplement the Complaint and for Expedited Hearing for Access to Public Records. On January 30, 2012, Defendants filed an Opposition to the motion to supplement the complaint. Mr. Moncier also filed a More Specific Statement for Access to Public Records. Thereafter, Mr. Moncier filed a Notice of Filing of Public Records Act Communications, Notice of Hearing, and Petition for Official Action pursuant to *Bennett v. Stutts* and Tennessee Code Annotated § 29-35-109. Defendants filed a Response to Mr. Moncier's Motions for Post-Judgment Relief. A telephone hearing was held on February 9, 2012, on all pending matters. The trial court denied Mr. Moncier's requests for post-judgment relief and to amend by an Order and Memorandum Opinion entered on March 5, 2012. Thereafter, Mr. Moncier filed a timely appeal. Defendants filed a motion to dismiss the appeal contending that the issues were moot. By an order entered on January 10, 2013, this court reserved judgment on that motion pending briefing and oral argument.

## ANALYSIS

In his complaint, Mr. Moncier raises numerous issues alleging, *inter alia*, that the actions of the Defendants violated various constitutional rights and that the actions of the Defendants were ultra vires. The issues before this court all involve questions of law, which we review de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

## I. TENNESSEE SUPREME COURT RULE 9, SECTION 27 IMMUNITY

"It is well settled that the licensing and regulation of attorneys practicing law in courts of Tennessee is squarely within the inherent authority of the judicial branch of government." *Smith Cnty. Educ. Ass'n v. Anderson*, 676 S.W.2d 328, 333 (Tenn. 1984) (citing *Belmont v. Bd. of Law Examiners,* 511 S.W.2d 461 (Tenn.1974)). "Furthermore, the 'Supreme Court has original and exclusive jurisdiction to promulgate its own Rules.'" *Id.* (citing *Petition of Tennessee Bar Ass'n.,* 539 S.W.2d 805, 807 (Tenn.1976)). The Supreme Court's rule making authority includes the admission and supervision of members of the Bar of the State of Tennessee. *Id.*[3]

Tennessee Supreme Court Rule 9 was promulgated pursuant to the Court's inherent supervisory power and "addresses the discipline of lawyers and the enforcement thereof."[4] *Brown v. Bd. of Prof'l Responsibility*, 29 S.W.3d 445, 449 (Tenn. 2000). Tennessee Supreme Court Rule 9, § 5 creates the Board of Professional Responsibility. The Board is an agent of the Supreme Court and derives all of its powers and functions from the Supreme Court. *Doe v. Bd of Prof'l Responsibility*, 104 S.W.3d 465, 472 (Tenn. 2003).

Section 27 of Rule 9 provides that: "Members of the board, district committee members, Disciplinary Counsel and staff *shall be immune from civil suit for any conduct* in the course of their official duties." (Emphasis added). The trial court found Defendants were protected by this immunity in that they were acting in their official capacities, and we agree. The plain language of this rule establishes that Nancy Jones[5] in her official capacity as Disciplinary Counsel to the Board, the members of the Board of Professional Responsibility, and the practice monitors and law firm appointed to provide practice monitors as agents of the Board are all shielded from civil liability for the actions taken in the disciplinary proceedings and thereafter, which were part of their official duties.

---

[3]To the extent that Mr. Moncier makes any challenge to the validity or constitutionality of Tennessee Supreme Court Rule 9, we note that our Supreme Court held in *Barger v. Brock*, 535 S.W.2d 337, 342 (Tenn. 1976), that the inferior courts "may not entertain any suit or action challenging the validity of any Rule of the Court."

[4]On April 18, 2013, the Tennessee Supreme Court issued an order proposing substantial changes to Rule 9. The Order sought comments from the bench, bar, and the public, with the comment period ending on June 14, 2013. The proposed changes are not material to this appeal, however, we felt it important to note the potential for change in Rule 9 in the future.

[5]Mr. Moncier also filed suit against Nancy Jones individually, however, at no point does he allege any facts that would give rise to individual liability, as all actions taken by Ms. Jones were in her official capacity as Disciplinary Counsel for the Board of Professional Responsibility.

## II. ADDITIONAL IMMUNITIES

In addition to the immunity provided under Tennessee Supreme Court Rule 9, the state employees named as Defendants were entitled to sovereign immunity and qualified immunity. The doctrine of sovereign immunity provides that the State of Tennessee and its employees in their official capacities are immune from suit except as the State consents to be sued. *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000); *Greenhill v. Carpenter*, 718 S.W.2d 268, 271 (Tenn. Ct. App. 1986) (quoting *Cox v. State*, 399 S.W.2d 776, 778 (Tenn. 1965)) ("A suit against a state official in his official capacity is a suit against the state."). Thus, Defendants acting in their official capacity are entitled to sovereign immunity unless a statutory exception applies of which none are applicable.[6] Therefore, the trial court properly found the state employees had sovereign immunity.[7]

Qualified immunity generally provides immunity from liability for state employees whose conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *See Lucas v. State*, 141 S.W.3d 121, 134 (Tenn. Ct. App. 2004). When a court determines whether qualified immunity applies, the court must first determine whether the plaintiff has alleged a violation of a constitutionally protected right, and then examine whether the established right was clearly established at the time of the violation. *Id.* The burden of proving that the rights allegedly violated were clearly established falls upon the plaintiff, not the defendant. *Id. (citing Dominque v. Telb*, 831 F.2d 673, 676 (6th Cir.1987)). In this action, all Defendants were acting pursuant to the June 2011 Order of Enforcement of the Supreme Court, which had full authority to issue disciplinary sanctions to Mr. Moncier in its inherent authority to regulate the profession of law. Thus, there is no basis upon which to find that Defendants were violating statutory or constitutional rights upon which a reasonable person should have known. *Id.*[8]

---

[6]We note that Mr. Moncier alleges an exception for declaratory judgment actions as set forth in *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 849-50 (Tenn. 2008), however, as we note later in this opinion, Mr. Moncier is no longer under probation and thus any issue regarding declaratory judgment would be moot.

[7]Mr. Moncier also argues that statutory sovereign immunity codified at Tennessee Code Annotated § 20-13-102(a) is unconstitutional. However, in *Jones v. L & N R. Co.*, 617 S.W.2d 164, 170 (Tenn. Ct. App. 1981), it was held that "[t]he rule of sovereign immunity in Tennessee is both statutory and constitutional" and that it is "not within the power of the courts to amend it."

[8]Having found that the Defendants Nancy Jones and the members of the Board of Professional Responsibility are entitled to immunity under Tennessee Supreme Court Rule 9, qualified immunity, and sovereign immunity, we do not need to address the other forms of immunity found by the trial court.

We also note that Mr. Moncier brought this action against members of the judiciary in their official capacity; the judges were not identified in Mr. Moncier's Complaint. As the trial court noted, judges are entitled to judicial immunity for any actions taken in their official capacity unless those actions are taken in the complete absence of jurisdiction. *Mercer v. HCA Health Servs. of Tenn., Inc.*, 87 S.W.3d 500, 503-04 (Tenn. Ct. App. 2002) (citing *Webb v. Fisher*, 72 S.W. 110 (Tenn. 1902)). We affirm the trial court's finding that the members of the judiciary who acted materially to this action were protected by judicial immunity.

## III. PRACTICE MONITOR

It is also apparent from Mr. Moncier's Complaint and appellate brief that he takes issue with one condition of his probation, that condition being the requirement of the practice monitor, and that the majority of the claims alleged arise from, and relate to, this condition. For example, the fifth claim asserted by Mr. Moncier is that the practice monitor provision is unconstitutionally vague and overbroad. The practice monitor condition of his probation was mandated by the Supreme Court in its Order of Enforcement dated June 1, 2011. Thus, any challenge to this condition in this appeal would be a collateral attack on the Supreme Court's order as the trial court correctly concluded and thereby dismissed the complaint. We agree that any claims that are an attack on the Supreme Court's order of June 2011 are a collateral attack and thus subject to dismissal. *See Sims v. Adesa Corp.*, 294 S.W.3d 581, 586 (Tenn. Ct. App. 2008) (stating it is "well settled in Tennessee that a party may not use a court of general jurisdiction to collaterally attack an order of another court"). Further, Mr. Moncier raises several issues relating to the ruling by Senior Judge Walter Kurtz in the first appeal from the disciplinary board's decision in the Knox County Circuit Court. For example, Mr. Moncier's seventh claim is that the application of *Bd. of Prof'l Responsibility v. Cawood*, 330 S.W.3d 608, by Judge Kurtz in his September 2010 judgment was in violation of his constitutional rights. Again, such issues would amount to a collateral attack and therefore are subject to dismissal.

## IV. DUE PROCESS

Mr. Moncier also raises several issues complaining of being denied a right to a remedy in Tennessee courts and being deprived of his due process right to practice law. First, we note that the license to practice law in this state is a privilege and not a right. *Hughes v. Bd. of Prof'l Responsibility*, 259 S.W.3d 631, 641 (Tenn. 2008) (citing Tenn. Sup. Ct. R. 9, § 3.1 (2007)). Second, the Supreme Court provided the exclusive remedies and procedures for attorney disciplinary proceedings in Rule 9, which as we noted earlier falls within the Court's inherent power to regulate our profession. *Smith Cnty. Educ. Ass'n*, 676 S.W.2d at 333. While Mr. Moncier argues that the exercise of such procedure is inconsistent with the

constitution and the doctrine of separation of powers, the Supreme Court in *Belmont v. Bd. of Law Examiners*, specifically held to the contrary finding:

> [T]hat an act of the legislature in aid of the inherent power of the judiciary is constitutional; but one that conflicts with and supersedes the Court's declared requirements, and constitutes an attempted exercise of powers properly belonging to the judicial branch by the legislative branch of government violates Article II, Section 2 and Article VI, Section 1 of the Constitution of Tennessee.

*Belmont*, 511 S.W.2d at 464 (citing *Cantor v. Brading*, 494 S.W.2d 139 (Tenn. Ct. App. 1973)).

Furthermore, Mr. Moncier's probationary period expired June 10, 2012,[9] after which he returned to private practice without a practice monitor condition. Therefore, we are unable to provide any relief for Mr. Moncier regarding this condition of his probation. Absent limited exceptions not present here, if an action no longer provides a means of judicial relief to the prevailing party we consider it moot. *Lufkin v. Board of Prof. Resp.*, 336 S.W.3d 223, 226 (Tenn. 2011). A case or issue that becomes moot during the course of litigation will be dismissed as moot. *Jacks v. City of Millington Bd. of Zoning*, 298 S.W.3d 163, 175 (Tenn. Ct. App. 2009). The appeal process is part of the course of litigation. *Clark v. Shoaf*, 302 S.W.3d 849, 854 (Tenn. Ct. App. 2008) (citations omitted). Therefore, this issue is moot as there is no relief that this court can provide.

## V.  OPEN MEETINGS ACT

Mr. Moncier also alleges that Ms. Jones and the members of Baker, Donelson, Bearman, Caldwell & Berkovitz ("Baker Donelson") violated Tennessee's Open Meetings Act, Tennessee Code Annotated §§ 8-44-101 *et seq.*, by meeting as a de facto "governing body" within the meaning of Tennessee Code Annotated § 8-44-102(b)(1) to deliberate toward and make decisions for probation requirements without complying with Tennessee Code Annotated §§ 8-44-102, 103, 104. In a related appeal, *Moncier v. Bd. of Prof'l Responsibility*, No. M2012-00779-COA-R3-CV, this court thoroughly discussed whether the Open Meetings Act applied to meetings of the Board of Professional Responsibility and held that the Open Meetings Act did not apply because the Board was not created by legislative action but was created by a Rule of the Tennessee Supreme Court and therefore was not a public body. *Id.* (citing Tenn. Code Ann. § 8-44-102(b)(1); *Dorrier v. Dark*, 537 S.W.2d 888,

---

[9]Pursuant to the order by the Supreme Court, Mr. Moncier's suspension became effective on June 11, 2011, and expired by its terms on June 9, 2012.

892 (Tenn. 1976)). As a result, it was not a governing body and thus not subject to the Open Meetings Act. *Id*.

Furthermore, Mr. Moncier's requested relief of this court is that we hold that all decisions made for the designation of a practice monitor or probation conditions be held void and of no effect. As we noted above, the probation period for Mr. Moncier has ended, therefore, this issue is moot as there is no relief this court can provide. *See Lufkin*, 336 S.W.3d at 226; *Jacks*, 298 S.W.3d at 175; *Clark*, 302 S.W.3d at 854.

## VI. PUBLIC RECORDS ACT

Mr. Moncier asserts that the trial court erred in dismissing his Public Records Act claim.[10] The trial court did not state its basis for the dismissal of the Public Records Act claim and Defendants did not address this issue in their brief.

On June 28, 2011, Mr. Moncier made a Public Records Request to the Board of Professional Responsibility requesting several documents. Only two items from this request are at issue in this appeal. Item 1 of this request was "a copy of the minutes of the meeting of the BOPR on March 10, 2010 wherein the BOPR reviewed the hearing panel judgment in my case." The Board denied access to this item based upon Tennessee Supreme Court Rule 9, § 25.3. Item 6 requested by Mr. Moncier was "[t]he lead pleading the BOPR filed in the thirty (30) cases listed in the BOPR's Petition to Rehear in *BOPR v. Cawood* wherein the BOPR sought relief from a judicial review judgment based on *Cawood*." The record indicates that following Mr. Moncier's request, the Board requested clarification as to Item 6. Mr. Moncier responded as follows:

> The request pertains to cases listed in the BOPR's Petition to Rehear as being affected by *Cawood*, where Disciplinary Counsel or the BOPR has taken any action from *Cawood*. I requested the "lead pleading" filed by Disciplinary Counsel or the BOPR in those cases. If consistent with my case, that "lead pleading" would have been a Motion for Rule 60.02 relief filed by Disciplinary Counsel or the BOPR. The issue of *Cawood*, however, could have been raised in the other cases by other procedures such as modifications. Also, it may be that an attorney raised *Cawood* in another proceeding and the BOPR filed some pleading regarding the application of *Cawood* in response to that attorney's pleading.

---

[10]In his complaint, Mr. Moncier alleges that his Public Records Act request is for documents not covered by a previous Public Records Act request that was before a different chancellor and is the subject of the appeal in *Moncier v. Bd. of Professional Responsibility*, No. M2012-00779-COA-R3-CV.

In the Board's response, by letter dated July 18, 2011, Mr. Moncier was informed that due to the expansive nature of the request, it would take time to locate the case files and retrieve the documents, and that an estimate of the time and reasonable costs would be provided to him.

Mr. Moncier made another Public Records Act request on July 7, 2011, in which he requested "copies of each rule, policy or procedure of the Tennessee Board of Professional Responsibility other than those contained in Tenn. Sup. Ct. R. 9, including, but not limited to all internal policies or procedures and/or delegations of authority by the BOPR to Disciplinary Counsel." In response, Mr. Moncier received a letter dated July 18, 2011, from the Attorney General's office, providing that thirty-four pages of paper had been identified that were responsive to this request and that upon payment of $7.25, copies of the documents would be provided to him. Mr. Moncier instead replied with a letter stating that he wished to view the documents in person and make copies with his own scanning equipment. It appears that following this, there was extensive communication between the parties as to whether Mr. Moncier would be able to view the documents, make his own copies, or be required to pay in order to access the requested documents.

In his Complaint, Mr. Moncier requested that the trial court hold that the minutes of the March 10, 2011 meeting of the Board to review the Hearing Panel judgment were not confidential pursuant to Tennessee Supreme Court Rule 9, Section 25. Mr. Moncier further requested access to "items 1 and 6 of his June 28, 2011 Public Records Act request." Mr. Moncier also requested access to the documents requested on June 7, 2011.[11]

The Tennessee Public Records Act "governs the right of access to records of government agencies in this state." *Memphis Publishing Co. v. Cherokee Children & Family Servs, Inc.*, 87 S.W.3d 67, 74 (Tenn. 2002). Tennessee Code Annotated § 10-7-503(a)(2)(A) provides that: "All state, county and municipal records[12] shall, at all times during business

---

[11]In his complaint, Mr. Moncier refers to both a July 7, 2011 request and a July 8, 2011 request. From our review of the record, it appears that at all times he is actually referring to the July 7 request.

[12]Tennessee Code Annotated § 10-7-503(a)(1)(A) states:

As used in this part and title 8, chapter 4, part 6, "public record or records" or "state record or records" means all documents, papers, letters, maps, books, photographs, microfilms, electronic data processing files and output, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any governmental agency.

hours, . . . be open for personal inspection by any citizen of this state, and those in charge of the records shall not refuse such right of inspection to any citizen, *unless otherwise provided by state law*." (Emphasis added).

According to Mr. Moncier's allegation in his complaint, he was denied his request based upon the assertion that the requested records were confidential. As this court noted in the related appeal, *Moncier v. Bd. of Prof'l Responsibility*, No. M2012-00779-COA-R3-CV, 2013 WL ____ (June __, 2013), the disciplinary rules as adopted by the Tennessee Supreme Court have the force and effect of law. *Id*. (citing *The Tennessean v. Tenn. Dept. of Personnel,* No. 2005-02578-COA-R3-CV, 2007 WL 1241337, *7 (Tenn. Ct. App. April 27, 2007); *Coats v. Smyrna/Rutherford County Airport Authority*, No. M2000-00234-COA-R3-CV, 2001 WL 1589117 at *6 (Tenn. Ct. App. Dec. 13, 2001); *Clinard v. Blackwood,* No. 01A01-9801-CV-00029, 1999 WL 976582, at *6 (Tenn. Ct. App. Oct. 28, 1999) *aff'd,* 46 S.W.3d 177 (Tenn. 2001) (citing *Gracey v. Madden,* 769 S.W.2d 497, 504 (Tenn. Ct. App.1989) (Koch, J., dissenting)); *King v. King,* No. 89-46-11, 1989 WL 122981, at *11 (Tenn. Ct. App. Oct. 18, 1989) (Koch, J. concurring) (No Tenn. R. App. P. 11 application filed)). Thus, this court concluded that Tennessee Supreme Court Rule 9 "is a law within the meaning of the exception to public inspection of records found at the end of Tennessee Code Annotated § 10-7-503(a)(2)(A)." *Id*.

Under Tennessee Supreme Court Rule 9, Section 25, some public records remain confidential and thus are excluded as public records. The Section provides:

25.1. All matters, investigations, or proceedings involving allegations of misconduct by or the disability of an attorney, including all hearings and all information, records, minutes, files or other documents of the Board, district committee members and Disciplinary Counsel shall be confidential and privileged, and shall not be public records, until or unless:

(a) a recommendation for the imposition of public discipline, without the initiation of a formal disciplinary proceeding pursuant to Section 8.2, is filed with the Supreme Court by the Board; or

(b) a petition to initiate a formal disciplinary proceeding is filed pursuant to Section 8.2; or

(c) the respondent-attorney requests that the matter be public; or

(d) the investigation is predicated upon conviction of the respondent-attorney for a crime; or

(e) in matters involving alleged disability, this Court enters an order transferring the respondent-attorney to disability inactive status pursuant to Section 21.

Further, Rule 9 states that "[a]ll work product and work files (including internal memoranda, correspondence, notes and similar documents and files) of the Board, district committee members, and Disciplinary Counsel shall be confidential and privileged and shall not be public records." Tenn. R. Sup. Ct. 9, § 25.3. Additionally, "nothing in this Section is intended to limit or repeal any confidentiality or privilege afforded by other law." *Id*. at § 25.8.

As we noted previously, the trial court made no ruling on the Public Records Act claim. Therefore, we remand this action to the trial court solely for the determination of whether Item 1 requested by Mr. Moncier in the June 28, 2011 request is or is not confidential pursuant Tennessee Supreme Court Rule 9 and whether the other public records, whose qualification for inspection is not in dispute, have in fact been made available for inspection during regular business hours as required by Tennessee Code Annotated § 10-7-503(a)(2)(A).

## VII. RECUSAL OF TRIAL JUDGE

Mr. Moncier requested the trial judge recuse herself, arguing that the trial court demonstrated bias, and that the case be assigned to another judge. The recusal request was made prior to July 1, 2012, prior to the effective date of Tennessee Supreme Court Rule 10(B); thus, the former legal principles apply. *Baker v. Baker*, No. M2010-01806-COA-R3-CV, 2012 WL 764918, at *6 (Tenn. Ct. App. Mar. 9, 2012). Under the Code of Judicial Conduct in effect prior to July 1, 2012, decisions concerning recusal are addressed to the discretion of the judge asked to be recused and "the judge's decision will not be reversed on appeal unless a clear abuse appears on the face of the record." *See State v. Hines*, 919 S.W.2d 573, 578 (Tenn. 1995). Based upon the record before us, we are unable to conclude that the trial judge abused her discretion in denying the motion. Thus, we find no error with the denial of the motion to recuse. *Baker*, 2012 WL 764918, at *6.

## VIII. MOTION FOR POST-JUDGMENT RELIEF

Mr. Moncier also alleges that the trial court erred in denying his consolidated motions for post-judgment relief, which were filed following the trial court's dismissal of the action. Several of Mr. Moncier's motions sought to seek additional relief and assert new claims. Pursuant to the Rules of Civil Procedure, Mr. Moncier was unable to amend his complaint

without leave of the trial court. We find the trial court was fully within its discretion to deny such relief and to deny Mr. Moncier's requests to alter or amend as there was no basis for such relief. *See* Tenn. R. Civ. P. 59, 60.

## IN CONCLUSION

The judgment of the trial court is affirmed in all respects save the issue of Mr. Moncier's Public Records Act claim, which determination is reversed and the claim remanded for further proceedings. Thus, the dismissal of all claims against all Defendants other than the claim against the Board of Professional Responsibility as it pertains to the public records request is affirmed. The costs of appeal are assessed against the Appellant, Herbert S. Moncier.

_____
FRANK G. CLEMENT, JR., JUDGE